COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-357-CR

REGINALD CRAIG HILL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Reginald Craig Hill appeals his convictions and sentences for burglary of a habitation and evading arrest or detention with a vehicle.  We affirm.

Background

On June 5, 2005, officers responded to a report of a suspicious vehicle in the driveway of a house in Grapevine.  When the officers arrived, appellant backed the car out of the driveway and led the officers on a high-speed chase from Grapevine to Irving, continuing to flee on foot after wrecking the car.  An investigation revealed that several items had been stolen from the house, including a briefcase, a jar of coins, and blank checks.   

Following a two-day trial, a jury convicted appellant of burglary of a habitation and evading arrest or detention with a vehicle.  The jury found enhancement allegations to both counts to be true and assessed punishment at eighty years’ confinement for burglary of a habitation and twenty years’ confinement for evading arrest with a vehicle.  

Legal and Factual Sufficiency of the Evidence

In his first and second points, appellant complains that the evidence is legally and factually insufficient to support his conviction for burglary of a habitation.  Specifically, he contends that there is insufficient evidence to prove that he entered the house or that the house was a “habitation” as that term is defined in the penal code.
(footnote: 2)
 The legal and factual sufficiency standards of review are the same for cases based on direct and circumstantial evidence.
(footnote: 3) 
 
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 4) 

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.
(footnote: 5) 
 We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.
(footnote: 6) 
 
We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury.
(footnote: 7)
 A person commits the offense of burglary of a habitation if, without consent, he enters a habitation and commits or attempts to commit a theft.
(footnote: 8)  The penal code defines “habitation” as “a structure . . . that is adapted for the overnight accommodation of persons.”
(footnote: 9)
 The evidence presented at trial is as follows:

Appellant was at the scene where a burglary had recently been committed. 

 

Neither Mary Stone Myers, who owned and worked at the house, nor Fred Joyce, Myers’s business partner who also worked there, knew appellant or had given him permission to enter.  

There were signs of forced entry through a window, and items in the house had been disturbed.    

In the driveway, where appellant’s car had been, the police discovered several items, including a briefcase, a jar of coins, ammunition, a pen case, and blank checks, that had originally been inside the house.   

When police officers directed appellant to pull over, he refused to obey their efforts to stop him.   

Instead, he led two police cars, sirens and lights activated, on a high-speed chase reaching speeds of 110 miles per hour, ultimately wrecking the car and continuing to flee on foot before finally being apprehended. 

No fingerprints were found in the home, but gloves were found near the spot where appellant was arrested.   

Appellant’s shoes were consistent with a footprint found outside the home, although a positive match could not be made. 

The house was used partly as a residence and partly as an office for Myers’s and Joyce’s real estate businesses.   

Myers and Joyce testified that Myers typically lived in the house from Monday to Friday, although she spent her weekends elsewhere, and they both worked at the house during the work week. 

 

The house had working electricity, air conditioning, and plumbing, and contained at least one bed.  

Myers cooked food there.   

The house was described as dusty and “very dirty,” and appellant suggested that meant it was not heavily used. 

Applying the appropriate standards, we conclude that the evidence is legally and factually sufficient to prove that appellant entered the house and that the house was a habitation.  Accordingly, we overrule appellant’s first and second points.

Adequate Notice of Enhancement

In his third point, appellant complains that he was denied adequate notice that the second count of the indictment—evading arrest or detention with a vehicle—could be enhanced from a state jail felony to a second-degree felony because the enhancement notice in the indictment, labeled “habitual offender notice,” could not properly enhance that offense.
  Further, he argues that a letter from the State giving notice of its intent to enhance the second count was insufficient because it was not part of the indictment or filed with the trial court as a pleading.
(footnote: 10) 

The statutory provisions governing enhancement of a felony offense with a defendant’s prior convictions vary depending on the degree of the offense to be enhanced.
(footnote: 11)  A non-aggravated state jail felony may be enhanced to a second-degree felony under penal code section 12.42(a)(2) by proof of two prior, sequential felony convictions.
(footnote: 12)  In contrast, under section 12.42(d), the “habitual felony offender statute,” a felony other than a non-aggravated state jail felony may be enhanced by proof of two prior sequential felony convictions.
(footnote: 13)  When a non-aggravated state jail felony is enhanced to a second-degree felony, it is punishable by two to twenty years, but when a felony other than a non-aggravated state jail felony is enhanced under the habitual offender provision, the punishment is twenty-five to ninety-nine years or life.
(footnote: 14)  A non-aggravated state jail felony such as evading arrest with a vehicle cannot properly be enhanced under the “habitual offender” provision.
(footnote: 15)  

The two-count indictment contained only one enhancement allegation, labeled “habitual offender notice,” that set out two prior, sequential felony convictions.  It is uncontested that this allegation in the indictment was sufficient to notify appellant that the punishment range for count one, burglary of a habitation (a second-degree felony), would be enhanced to twenty-five to ninety-nine years or life, and appellant does not complain about his eighty-year sentence for that count.  

The purpose of an enhancement allegation is to provide the accused with notice of the prior convictions relied upon by the State.
(footnote: 16)  The prior convictions used as enhancements must be pleaded in some form and are often contained in the indictment.
(footnote: 17)  It is the substance of a pleading rather than its title or heading that governs, and the ultimate question is whether constitutionally adequate notice was given.
(footnote: 18)  When a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given as late as
 the beginning of the punishment phase satisfies the federal constitution.
(footnote: 19)
 In this case, the two prior, sequential felony convictions used to enhance the state jail felony were pleaded as enhancement allegations in the indictment, which was returned more than a year before trial, on August 22, 2005.  The record reveals that notice of the State’s intent to seek enhanced punishment of both counts was also sent to appellant’s counsel in a letter via fax and certified mail, and appellant’s counsel received the notice letter six months before trial.  Indeed, appellant’s counsel represented to the trial court that he received the notice letter.  Further, while appellant pleaded not true to the enhancement allegations, he presented no defense to them and did not suggest the need for a continuance in order to prepare one.
(footnote: 20)  For these reasons, we hold that the trial court properly concluded that appellant had sufficient notice of the enhancement allegations.  Accordingly, we overrule appellant’s third point.

Speedy Trial Claim

In his fourth and fifth points, appellant complains that the trial court improperly denied his motion to dismiss the indictment for violation of his constitutional rights to a speedy trial.
(footnote: 21)
 An accused is guaranteed the right to a speedy trial under both the United States and Texas Constitutions.
(footnote: 22)  In determining whether an accused has been denied his right to a speedy trial, we use a balancing test to weigh the conduct of both the prosecution and the defendant.
(footnote: 23)  The factors to be weighed are the length of the delay, the reason for the delay, the defendant’s assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay.
(footnote: 24)  No single factor is necessary or sufficient to establish a violation of the right to a speedy trial.
(footnote: 25)  When reviewing a trial court’s ruling on a speedy trial claim, we review legal issues de novo but give deference to a trial court’s resolution of factual issues.
(footnote: 26) 

The first factor, length of the delay, is measured from the time the defendant is arrested or formally accused to the time of trial.
(footnote: 27)  The length of the delay is a threshold matter; in general, delay approaching one year is sufficient to trigger analysis of the remaining factors.
(footnote: 28)
 In this case, appellant was arrested on June 5, 2005, and his trial began on October 9, 2006, a delay of sixteen months.  The State concedes that this amount of time is sufficient to require analysis of the remaining factors.

The second factor is the reason the government uses to justify the delay.
(footnote: 29)  The case was originally set for trial the week of April 13, 2006.  At a pretrial hearing on April 17, 2006, appellant moved for a continuance and requested that an expert be appointed to examine scientific evidence and assist him in preparing to cross-examine the State’s expert.  Although the trial court did not rule on appellant’s motion for continuance, it granted his motion for expert assistance, and the case was tried six months later.  The delay in this case, therefore, appears to have been caused at least in part by appellant’s requests for a continuance and expert assistance the week that his case was originally scheduled for trial.  Thus, this factor weighs in favor of the State.

Third, we consider appellant’s assertion of his right to a speedy trial.
(footnote: 30)  Appellant moved for a speedy trial on September 15, 2005, and the trial court set the case for the week of April 13, 2006.  On April 13, 2006, however, appellant moved to dismiss on the ground that his right to a speedy trial had been denied.
(footnote: 31)  Further, at the pretrial hearing on April 17, 2006, appellant moved for a continuance and expert assistance.    

Appellant’s motion to dismiss and requests for a continuance and an expert, filed the week his case was scheduled to go to trial, are evidence that appellant did not want a speedy trial despite his request for one.
(footnote: 32)  Accordingly, this factor weighs in favor of the State.

Prejudice, the fourth factor, is to be considered in light of the interests that the right to a speedy trial was designed to protect.
(footnote: 33)  These interests include the prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and the prevention of actual prejudice to the defendant’s ability to present a defense.
(footnote: 34)  The defendant has the initial burden to make a showing of prejudice.
(footnote: 35) 

Of the three interests, appellant claims only that he suffered “pretrial anxiety.”  He did not put on any evidence of anxiety, however, nor did he explain how it differed from that experienced by all criminal defendants awaiting trial.
(footnote: 36)  Thus, this factor weighs decidedly in favor of the State.  

Applying the balancing test to the facts of this case, we conclude that the trial court did not improperly deny appellant’s motion to dismiss for violation of his right to a speedy trial; therefore, we overrule appellant’s fourth and fifth points.

Lesser Included Offense
 
Instruction

In his sixth point, appellant contends that the trial court erroneously denied his request to instruct the jury on criminal trespass as a lesser included offense of burglary of a habitation.  

We use a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction.
(footnote: 37) 
 First, the lesser offense must come within article 37.09 of the code of criminal procedure.
(footnote: 38) 
 An offense is a lesser included offense under this provision if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.
(footnote: 39)  
This inquiry is a question of law that
 does not depend on the evidence produced at trial but is performed by comparing the elements of the offense as they are alleged in the charging instrument with the elements of the potential lesser included offense.
(footnote: 40) 

Second, some evidence must exist in the record that would permit a jury rationally to find that if appellant is guilty, he is guilty only of the lesser offense.
(footnote: 41)  
The evidence must be evaluated in the context of the entire record.
(footnote: 42)  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence, and 
anything more than a scintilla of evidence entitles a defendant to a lesser charge.
(footnote: 43) 
 That the jury may disbelieve crucial evidence pertaining to the greater offense is not enough to raise a lesser included offense.
(footnote: 44)  
Rather, there must be some evidence directly germane to a lesser offense before an instruction on a lesser included offense is warranted.
(footnote: 45)
 A person commits criminal trespass if he enters or remains on the property or in the building of another without consent and had notice that entry was forbidden or received notice to depart but failed to do so.
(footnote: 46)  A person commits burglary of a habitation if he enters a habitation, without consent, with the intent to commit theft, or attempts or commits a theft.
(footnote: 47)
 Assuming without deciding that criminal trespass is a lesser included offense of burglary of a habitation, appellant does not direct us to any evidence to show that he entered the house for any reason other than to commit theft.
(footnote: 48)  Instead, he merely criticizes the State’s evidence of burglary.
  Because there is no evidence directly germane to criminal trespass, a jury could not rationally find that if appellant was guilty, he was guilty only of criminal trespass.  Appellant was therefore not entitled to that instruction.   

Having determined that the trial court did not err in denying appellant’s request for an instruction on a lesser included offense of criminal trespass, we overrule point six.

Motion to Suppress

In his seventh point, appellant claims the trial court improperly denied his motion to suppress evidence and admitted the evidence of the search of his car immediately following his arrest.  No evidence recovered from the car, however, was introduced before the jury at trial.  Error does not arise from overruling a motion to suppress if the disputed evidence is not offered or admitted into evidence at trial.
(footnote: 49)  Accordingly, we overrule appellant’s seventh point. 

Motion for Mistrial

In his eighth point, appellant argues that the trial court improperly denied his motion for mistrial after one of the State’s witnesses violated the trial court’s order in limine.  Before trial, the trial court ordered the State not to mention extraneous offenses tied to appellant without first approaching the bench.  At the beginning of his testimony, however, Officer Chris Brichetto mentioned “the previous burglaries.”
(footnote: 50)  Appellant immediately objected and requested an instruction to disregard, which the trial court gave, and requested a mistrial, which the trial court denied.  Appellant claims the evidence admitted was not relevant and was prejudicial because it led jurors to believe appellant had been responsible for previous burglaries as well.

A prompt instruction to disregard will generally cure error in the admission of evidence of extraneous offenses, unless the inadmissible evidence was clearly calculated to inflame the jury or withdrawing the impression left on the jury would be impossible.
(footnote: 51)  In considering whether an instruction is sufficient to cure error, courts consider whether the reference was direct or implied, intentional or inadvertent, detailed or vague, and whether the topic was pursued once the instruction was given.
(footnote: 52)
 Here, appellant’s objection immediately stopped Officer Brichetto’s testimony, the trial court promptly instructed the jury to disregard his comment, and the topic of previous burglaries was not pursued.  The comment was not responsive to the State’s question (“When you saw the vehicle in the driveway, what did you do?”), and a review of the record shows that it was unintentionally elicited.  Moreover, the statement was vague and not detailed.  For these reasons, we hold that the instruction to disregard cured the error and that the trial court did not abuse its discretion by refusing to grant a mistrial.
(footnote: 53)  Accordingly, we overrule appellant’s eighth point.

Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:   September 27, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court’s charge also included the lesser offense of burglary of a building. 

3:
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
King v. State
, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

4:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
  

5:
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 

6:
Watson
, 204 S.W.3d at 414–15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  

7:
Watson
, 204 S.W.3d at 417.  

8:
Tex. Penal Code Ann.
 § 30.02 (Vernon 2003). 

9:
Id.
 § 30.01(1).

10:
See Brooks
 
v. State
, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); 
Throneberry v. State
, 109 S.W.3d 52, 59 (Tex. App.—Fort Worth 2003, no pet.). 
 Appellant’s other complaints about the State’s notice letter—that it referred to indictments other than the one on which he was ultimately tried, and that it constituted an untimely, objected to amendment to the indictment—were not raised in the trial court.  Those complaints are, therefore, waived. 
 See 
Tex. R. App. P.
 33.1(a)(1)(A);
 Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (“[I]t is well settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial.”).

11:
Tex. Penal Code Ann.
 § 12.42
 (Vernon 2003 & Supp. 2006).  Evading arrest or detention with a vehicle is a non-aggravated state jail felony.  
Id.
 § 38.04.

12:
See id.
 §§ 12.35, 12.42(a)(2), 38.04.

13:
Id.
 § 12.42(d);
 see State v. Webb
, 12 S.W.3d 808, 809 (Tex. Crim. App. 2000).  

14:
See
 
Tex. Penal Code Ann.
 §§ 12.33, 12.35(a), 12.42(a)(2), (d).  

15:
Id.
 
§§ 12.42(d), 38.04; 
State v. Mancuso
, 919 S.W.2d 86, 90 (Tex. Crim. App. 1996).

16:
Coleman v. State
, 577 S.W.2d 486, 488 (Tex. Crim. App. [Panel Op.] 1979).

17:
Brooks
, 957 S.W.2d at 34.

18:
Villescas v. State
, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006);
 Ex parte Caldwell
, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000); 
Gandy v. State
, 222 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d) (holding that allegations contained in indictment were three separate counts, although not labeled as such).

19:
Villescas
, 189 S.W.3d at 294. 
 

20:
See
 
id
. 

21:
Although appellant complains of a violation of his constitutional and statutory rights to a speedy trial, his complaint in the trial court was based on the United States and Texas Constitutions.  We limit our review to the grounds raised in the trial court.  
See 
Tex. R. App. P.
 33.1(a)(1)(A);
 Heidelberg
, 144 S.W.3d at 537.

22:
U.S. Const
. amends. VI, XIV, § 1;
 Tex. Const.
 art. I, § 10.  

23:
Barker v. Wingo
, 407 U.S. 514, 530, 92 S. Ct. 2182, 2191–92 (1972); 
Dragoo v. State
, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). 

24:
Barker
, 407 U.S. at 530, 92 S. Ct. at 2192; 
Dragoo
, 96 S.W.3d at 313.

25:
Barker
, 407 U.S. at 533, 92 S. Ct. at 2193; 
Dragoo
, 96 S.W.3d at 313.

26:
Kelly v. State
, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005)
.  

27:
Shaw v. State
, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); 
Dragoo
, 96 S.W.3d at 313.

28:
Shaw
, 117 S.W.3d at 889;
 Dragoo
, 96 S.W.3d at 313–14; 
Emery v. State
, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995).

29:
Barker
, 407 U.S. at 531, 92 S. Ct. at 2192. 
 

30:
Id
. 
 
 

31:
Appellant also filed three pro se motions for speedy trial and dismissal.  After the trial court discussed with appellant on the record whether he wanted to proceed with an attorney or pro se and appellant chose to proceed with an attorney, the trial court only considered the attorney’s motions.  We review only the motions ruled on by the trial court.  
See 
Tex. R. App. P.
 33.1(a)(2).

32:
See
 
Zamorano v. State
, 84 S.W.3d 643, 651 n.40 (Tex. Crim. App. 2002); 
Burgett v. State
, No. 2-05-00377-CR, 2006 WL 3525434, at *3 (Tex. App.—Fort Worth Dec. 7, 2006, pet. ref’d) (mem. op., not designated for publication).

33:
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.  

34:
Id.

35:
Emery
, 881 S.W.2d at 709
.  

36:
See Thompson v. State
, 983 S.W.2d 780, 785 (Tex. App.—El Paso 1998, pet. ref’d) (rejecting appellant’s claim of pretrial anxiety because he presented no evidence to substantiate his claim and a certain amount of anxiety could be expected due to the serious charges against him).

37:
Hall v. State
, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); 
Rousseau v. State
, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).  

38:
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006); 
Moore v. State,
 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).
  

39:
Tex. Code Crim. Proc. Ann
. art. 37.09(1); 
Hall
, 225 S.W.3d at 536.  

40:
Hall
, 225 S.W.3d at 525, 535–36. 

41:
Id.
 at 536; 
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672–73.  

42:
Moore
, 969 S.W.2d at 8.  

43:
Hall,
 225 S.W.3d at 536; 
Moore
, 969 S.W.2d at 8.
 

44:
Skinner v. State
, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997), 
cert. denied
, 523 U.S. 1079 (1998).

45:
Id.

46:
Tex. Penal Code Ann.
 § 30.05.  The penal code defines “building” as including a “habitation.”  
Id
.
 § 30.01.

47:
Id
. § 30.02.

48:
See Vargas Juarez v. State
, No. 02-04-00335-CR, 2005 WL 3556420, at *4 (Tex. App.—Fort Worth Dec. 29, 2005, pet. ref’d) (mem. op., not designated for publication).

49:
E.g.
, 
Herron v. State
, 86 S.W.3d 621, 628 (Tex. Crim. App. 2002); 
Baker v. State
, 956 S.W.2d 19, 22 (Tex. Crim. App. 1997); 
Ferguson v. State
, 571 S.W.2d 908, 909 (Tex. Crim. App. [Panel Op.] 1978), 
overruled on other grounds
 
by Morgan v. State
, 688 S.W.2d 504 (Tex. Crim. App. 1985).

50:
Although Officer Brichetto did not elaborate, the record indicates that there had been two previous burglaries at the same house. 

51:
Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 918 (1993); 
Banks v. State
, 955 S.W.2d 116, 119 (Tex. App.—Fort Worth 1997, no pet.).

52:
Kipp v. State
, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994); 
Kemp
, 846 S.W.2d at 308
 
(holding “uninvited and unembellished” reference to defendant’s previous incarceration was cured by instruction to disregard); 
Banks
, 955 S.W.2d at 119.

53:
See
 
Banks
, 955 S.W.2d at 119–20 (setting out standard of review for a trial court’s order denying a motion for mistrial).