COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-357-CR

 

 

REGINALD CRAIG HILL                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Reginald Craig Hill
appeals his convictions and sentences for burglary of a habitation and evading
arrest or detention with a vehicle.  We
affirm.

 

 








Background

On June 5, 2005, officers
responded to a report of a suspicious vehicle in the driveway of a house in
Grapevine.  When the officers arrived,
appellant backed the car out of the driveway and led the officers on a
high-speed chase from Grapevine to Irving, continuing to flee on foot after
wrecking the car.  An investigation
revealed that several items had been stolen from the house, including a
briefcase, a jar of coins, and blank checks.  


Following a two-day trial, a
jury convicted appellant of burglary of a habitation and evading arrest or
detention with a vehicle.  The jury found
enhancement allegations to both counts to be true and assessed punishment at
eighty years= confinement
for burglary of a habitation and twenty years= confinement for evading arrest with a vehicle.  

Legal and Factual Sufficiency of the Evidence

In his first
and second points, appellant complains that the evidence is legally and
factually insufficient to support his conviction for burglary of a
habitation.  Specifically, he contends
that there is insufficient evidence to prove that he entered the house or that
the house was a Ahabitation@ as that term is defined in the penal code.[2]








The legal and factual
sufficiency standards of review are the same for cases based on direct and
circumstantial evidence.[3]  In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.[4]









When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party.[5]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.[6]
 We cannot conclude that a
conviction is clearly wrong or manifestly unjust simply because we would have
decided differently than the jury.[7]

A person commits the offense
of burglary of a habitation if, without consent, he enters a habitation and
commits or attempts to commit a theft.[8]  The penal code defines Ahabitation@ as Aa structure . . . that is adapted for the overnight accommodation of
persons.@[9]

The evidence presented at
trial is as follows:

$      
Appellant was at the scene where a burglary had
recently been committed. 

 

$      
Neither Mary Stone Myers, who owned and worked at
the house, nor Fred Joyce, Myers=s business partner who also
worked there, knew appellant or had given him permission to enter.  

 

$      
There were signs of forced entry through a
window, and items in the house had been disturbed.    

 

$      
In the driveway, where appellant=s car
had been, the police discovered several items, including a briefcase, a jar of
coins, ammunition, a pen case, and blank checks, that had originally been
inside the house.   

 

$      
When police officers directed appellant to pull
over, he refused to obey their efforts to stop him.   

 








$      
Instead, he led two police cars, sirens and
lights activated, on a high-speed chase reaching speeds of 110 miles per hour,
ultimately wrecking the car and continuing to flee on foot before finally being
apprehended. 

 

$      
No fingerprints were found in the home, but
gloves were found near the spot where appellant was arrested.   

 

$      
Appellant=s shoes were consistent with
a footprint found outside the home, although a positive match could not be
made. 

 

$      
The house was used partly as a residence and
partly as an office for Myers=s and Joyce=s
real estate businesses.   

 

$      
Myers and Joyce testified that Myers typically
lived in the house from Monday to Friday, although she spent her weekends
elsewhere, and they both worked at the house during the work week. 

 

$      
The house had working electricity, air
conditioning, and plumbing, and contained at least one bed.  

 

$      
Myers cooked food there.   

 

$      
The house was described as dusty and Avery
dirty,@ and
appellant suggested that meant it was not heavily used. 

 

Applying the
appropriate standards, we conclude that the evidence is legally and factually
sufficient to prove that appellant entered the house and that the house was a
habitation.  Accordingly, we overrule
appellant=s first and
second points.

Adequate
Notice of Enhancement








In his third
point, appellant complains that he was denied adequate notice that the second
count of the indictmentCevading
arrest or detention with a vehicleCcould be enhanced from a state jail felony to a second-degree felony
because the enhancement notice in the indictment, labeled Ahabitual offender notice,@ could not properly enhance that offense.  Further, he argues that a letter from the
State giving notice of its intent to enhance the second count was insufficient
because it was not part of the indictment or filed with the trial court as a pleading.[10]









The
statutory provisions governing enhancement of a felony offense with a defendant=s prior convictions vary depending on the degree of the offense to be
enhanced.[11]  A non-aggravated state jail felony may be
enhanced to a second-degree felony under penal code section 12.42(a)(2) by
proof of two prior, sequential felony convictions.[12]  In contrast, under section 12.42(d), the Ahabitual felony offender statute,@ a felony other than a non-aggravated state jail felony may be
enhanced by proof of two prior sequential felony convictions.[13]  When a non-aggravated state jail felony is
enhanced to a second-degree felony, it is punishable by two to twenty years,
but when a felony other than a non-aggravated state jail felony is enhanced
under the habitual offender provision, the punishment is twenty-five to
ninety-nine years or life.[14]  A non-aggravated state jail felony such as
evading arrest with a vehicle cannot properly be enhanced under the Ahabitual offender@ provision.[15]  

The
two-count indictment contained only one enhancement allegation, labeled Ahabitual offender notice,@ that set out two prior, sequential felony convictions.  It is uncontested that this allegation in the
indictment was sufficient to notify appellant that the punishment range for
count one, burglary of a habitation (a second-degree felony), would be enhanced
to twenty-five to ninety-nine years or life, and appellant does not complain
about his eighty-year sentence for that count. 









The purpose
of an enhancement allegation is to provide the accused with notice of the prior
convictions relied upon by the State.[16]  The prior convictions used as enhancements
must be pleaded in some form and are often contained in the indictment.[17]  It is the substance of a pleading rather than
its title or heading that governs, and the ultimate question is whether
constitutionally adequate notice was given.[18]  When a defendant has no defense to the
enhancement allegation and has not suggested the need for a continuance in
order to prepare one, notice given as late as the beginning of the punishment
phase satisfies the federal constitution.[19]








In this
case, the two prior, sequential felony convictions used to enhance the state
jail felony were pleaded as enhancement allegations in the indictment, which
was returned more than a year before trial, on August 22, 2005.  The record reveals that notice of the State=s intent to seek enhanced punishment of both counts was also sent to
appellant=s counsel in
a letter via fax and certified mail, and appellant=s counsel received the notice letter six months before trial.  Indeed, appellant=s counsel represented to the trial court that he received the notice
letter.  Further, while appellant pleaded
not true to the enhancement allegations, he presented no defense to them and
did not suggest the need for a continuance in order to prepare one.[20]  For these reasons, we hold that the trial
court properly concluded that appellant had sufficient notice of the
enhancement allegations.  Accordingly, we
overrule appellant=s third point.

Speedy Trial
Claim

In his
fourth and fifth points, appellant complains that the trial court improperly
denied his motion to dismiss the indictment for violation of his constitutional
rights to a speedy trial.[21]








An accused
is guaranteed the right to a speedy trial under both the United States and
Texas Constitutions.[22]  In determining whether an accused has been
denied his right to a speedy trial, we use a balancing test to weigh the
conduct of both the prosecution and the defendant.[23]  The factors to be weighed are the length of
the delay, the reason for the delay, the defendant=s assertion of his speedy trial right, and the prejudice to the
defendant resulting from the delay.[24]  No single factor is necessary or sufficient
to establish a violation of the right to a speedy trial.[25]  When reviewing a trial court=s ruling on a speedy trial claim, we review legal issues de novo but
give deference to a trial court=s resolution of factual issues.[26]


The first
factor, length of the delay, is measured from the time the defendant is
arrested or formally accused to the time of trial.[27]  The length of the delay is a threshold
matter; in general, delay approaching one year is sufficient to trigger
analysis of the remaining factors.[28]








In this
case, appellant was arrested on June 5, 2005, and his trial began on October 9,
2006, a delay of sixteen months.  The
State concedes that this amount of time is sufficient to require analysis of
the remaining factors.

The second
factor is the reason the government uses to justify the delay.[29]  The case was originally set for trial the
week of April 13, 2006.  At a pretrial
hearing on April 17, 2006, appellant moved for a continuance and requested that
an expert be appointed to examine scientific evidence and assist him in
preparing to cross-examine the State=s expert.  Although the trial
court did not rule on appellant=s motion for continuance, it granted his motion for expert assistance,
and the case was tried six months later. 
The delay in this case, therefore, appears to have been caused at least
in part by appellant=s requests
for a continuance and expert assistance the week that his case was originally
scheduled for trial.  Thus, this factor
weighs in favor of the State.








Third, we
consider appellant=s assertion
of his right to a speedy trial.[30]  Appellant moved for a speedy trial on
September 15, 2005, and the trial court set the case for the week of April 13,
2006.  On April 13, 2006, however,
appellant moved to dismiss on the ground that his right to a speedy trial had
been denied.[31]  Further, at the pretrial hearing on April 17,
2006, appellant moved for a continuance and expert assistance.   

Appellant=s motion to dismiss and requests for a continuance and an expert,
filed the week his case was scheduled to go to trial, are evidence that
appellant did not want a speedy trial despite his request for one.[32]  Accordingly, this factor weighs in favor of
the State.

Prejudice,
the fourth factor, is to be considered in light of the interests that the right
to a speedy trial was designed to protect.[33]  These interests include the prevention of
extended pretrial incarceration, minimization of anxiety over pending charges,
and the prevention of actual prejudice to the defendant=s ability to present a defense.[34]  The defendant has the initial burden to make
a showing of prejudice.[35]









Of the three
interests, appellant claims only that he suffered Apretrial anxiety.@  He did not put on any evidence
of anxiety, however, nor did he explain how it differed from that experienced
by all criminal defendants awaiting trial.[36]  Thus, this factor weighs decidedly in favor
of the State.  

Applying the
balancing test to the facts of this case, we conclude that the trial court did
not improperly deny appellant=s motion to dismiss for violation of his right to a speedy trial;
therefore, we overrule appellant=s fourth and fifth points.

Lesser
Included Offense Instruction

In his sixth
point, appellant contends that the trial court erroneously denied his request
to instruct the jury on criminal trespass as a lesser included offense of
burglary of a habitation.  








We use a
two-step analysis to determine whether an appellant was entitled to a lesser
included offense instruction.[37]  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.[38]
 An offense is a lesser included
offense under this provision if it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged.[39]  This inquiry is a question of law that does
not depend on the evidence produced at trial but is performed by comparing the
elements of the offense as they are alleged in the charging instrument with the
elements of the potential lesser included offense.[40]









Second, some
evidence must exist in the record that would permit a jury rationally to find
that if appellant is guilty, he is guilty only of the lesser offense.[41]  The evidence must be evaluated in the context
of the entire record.[42]  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence, and
anything more than a scintilla of evidence entitles a defendant to a lesser
charge.[43]  That the jury may disbelieve crucial evidence
pertaining to the greater offense is not enough to raise a lesser included
offense.[44]  Rather,
there must be some evidence directly germane to a lesser offense before an instruction
on a lesser included offense is warranted.[45]

A person
commits criminal trespass if he enters or remains on the property or in the
building of another without consent and had notice that entry was forbidden or
received notice to depart but failed to do so.[46]  A person commits burglary of a habitation if
he enters a habitation, without consent, with the intent to commit theft, or
attempts or commits a theft.[47]








Assuming
without deciding that criminal trespass is a lesser included offense of
burglary of a habitation, appellant does not direct us to any evidence to show
that he entered the house for any reason other than to commit theft.[48]  Instead, he merely criticizes the State=s evidence of burglary.  Because
there is no evidence directly germane to criminal trespass, a jury could not
rationally find that if appellant was guilty, he was guilty only of criminal
trespass.  Appellant was therefore not
entitled to that instruction.  

Having
determined that the trial court did not err in denying appellant=s request for an instruction on a lesser included offense of criminal
trespass, we overrule point six.

Motion to
Suppress

In his
seventh point, appellant claims the trial court improperly denied his motion to
suppress evidence and admitted the evidence of the search of his car
immediately following his arrest.  No
evidence recovered from the car, however, was introduced before the jury at
trial.  Error does not arise from
overruling a motion to suppress if the disputed evidence is not offered or
admitted into evidence at trial.[49]  Accordingly, we overrule appellant=s seventh point. 

Motion for
Mistrial








In his
eighth point, appellant argues that the trial court improperly denied his
motion for mistrial after one of the State=s witnesses violated the trial court=s order in limine.  Before
trial, the trial court ordered the State not to mention extraneous offenses
tied to appellant without first approaching the bench.  At the beginning of his testimony, however,
Officer Chris Brichetto mentioned Athe previous burglaries.@[50]  Appellant immediately objected
and requested an instruction to disregard, which the trial court gave, and
requested a mistrial, which the trial court denied.  Appellant claims the evidence admitted was
not relevant and was prejudicial because it led jurors to believe appellant had
been responsible for previous burglaries as well.

A prompt
instruction to disregard will generally cure error in the admission of evidence
of extraneous offenses, unless the inadmissible evidence was clearly calculated
to inflame the jury or withdrawing the impression left on the jury would be
impossible.[51]  In considering whether an instruction is
sufficient to cure error, courts consider whether the reference was direct or
implied, intentional or inadvertent, detailed or vague, and whether the topic
was pursued once the instruction was given.[52]








Here,
appellant=s objection
immediately stopped Officer Brichetto=s testimony, the trial court promptly instructed the jury to disregard
his comment, and the topic of previous burglaries was not pursued.  The comment was not responsive to the State=s question (AWhen you saw
the vehicle in the driveway, what did you do?@), and a review of the record shows that it was unintentionally
elicited.  Moreover, the statement was
vague and not detailed.  For these
reasons, we hold that the instruction to disregard cured the error and that the
trial court did not abuse its discretion by refusing to grant a mistrial.[53]  Accordingly, we overrule appellant=s eighth point.

Conclusion

Having overruled all of appellant=s points, we affirm the trial court=s judgment. 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN
and MCCOY, JJ.

DO NOT PUBLISH        

Tex. R. App. P.
47.2(b)

DELIVERED:   September 27, 2007                        











[1]See Tex. R. App. P. 47.4.





[2]The
trial court=s
charge also included the lesser offense of burglary of a building. 





[3]Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); King
v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).





[4]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  





[5]Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 





[6]Watson, 204
S.W.3d at 414B15,
417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  





[7]Watson, 204
S.W.3d at 417.  





[8]Tex. Penal Code Ann. '
30.02 (Vernon 2003). 





[9]Id. '
30.01(1).





[10]See
Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); Throneberry
v. State, 109 S.W.3d 52, 59 (Tex. App.CFort Worth 2003, no
pet.).  Appellant=s
other complaints about the State=s notice letterCthat
it referred to indictments other than the one on which he was ultimately tried,
and that it constituted an untimely, objected to amendment to the indictmentCwere
not raised in the trial court.  Those
complaints are, therefore, waived.  See Tex.
R. App. P. 33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d 535,
537 (Tex. Crim. App. 2004) (A[I]t is well settled that the
legal basis of a complaint raised on appeal cannot vary from that raised at
trial.@).





[11]Tex. Penal Code Ann. '
12.42 (Vernon 2003 & Supp. 2006). 
Evading arrest or detention with a vehicle is a non-aggravated state
jail felony.  Id. '
38.04.





[12]See
id. ''
12.35, 12.42(a)(2), 38.04.





[13]Id. '
12.42(d); see State v. Webb, 12 S.W.3d 808, 809 (Tex. Crim. App.
2000).  





[14]See Tex. Penal Code Ann. ''
12.33, 12.35(a), 12.42(a)(2), (d).  





[15]Id. '' 12.42(d), 38.04; State v.
Mancuso, 919 S.W.2d 86, 90 (Tex. Crim. App. 1996).





[16]Coleman
v. State, 577 S.W.2d 486, 488 (Tex. Crim. App. [Panel
Op.] 1979).





[17]Brooks, 957
S.W.2d at 34.





[18]Villescas
v. State, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006);
Ex parte Caldwell, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000); Gandy v.
State, 222 S.W.3d 525, 530 (Tex. App.CHouston [14th Dist.] 2007,
pet. ref=d)
(holding that allegations contained in indictment were three separate counts,
although not labeled as such).





[19]Villescas, 189
S.W.3d at 294.  





[20]See id.






[21]Although
appellant complains of a violation of his constitutional and statutory rights
to a speedy trial, his complaint in the trial court was based on the United
States and Texas Constitutions.  We limit
our review to the grounds raised in the trial court.  See Tex.
R. App. P. 33.1(a)(1)(A); Heidelberg, 144 S.W.3d at 537.





[22]U.S. Const. amends. VI, XIV, ' 1; Tex. Const. art. I, '
10.  





[23]Barker
v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2191B92
(1972); Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). 





[24]Barker, 407
U.S. at 530, 92 S. Ct. at 2192; Dragoo, 96 S.W.3d at 313.





[25]Barker, 407
U.S. at 533, 92 S. Ct. at 2193; Dragoo, 96 S.W.3d at 313.





[26]Kelly
v. State, 163 S.W.3d 722, 726 (Tex. Crim. App.
2005).  





[27]Shaw
v. State, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); Dragoo,
96 S.W.3d at 313.





[28]Shaw, 117
S.W.3d at 889; Dragoo, 96 S.W.3d at 313B14; Emery
v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994), cert. denied,
513 U.S. 1192 (1995).





[29]Barker, 407
U.S. at 531, 92 S. Ct. at 2192.  





[30]Id.   





[31]Appellant
also filed three pro se motions for speedy trial and dismissal.  After the trial court discussed with
appellant on the record whether he wanted to proceed with an attorney or pro se
and appellant chose to proceed with an attorney, the trial court only
considered the attorney=s
motions.  We review only the motions
ruled on by the trial court.  See Tex. R. App. P. 33.1(a)(2).





[32]See Zamorano
v. State, 84 S.W.3d 643, 651 n.40 (Tex. Crim. App. 2002); Burgett v.
State, No. 2-05-00377-CR, 2006 WL 3525434, at *3 (Tex. App.CFort
Worth Dec. 7, 2006, pet. ref=d) (mem. op., not designated
for publication).





[33]Barker, 407
U.S. at 532, 92 S. Ct. at 2193.  





[34]Id.





[35]Emery, 881
S.W.2d at 709.  





[36]See
Thompson v. State, 983 S.W.2d 780, 785 (Tex. App.CEl
Paso 1998, pet. ref=d)
(rejecting appellant=s
claim of pretrial anxiety because he presented no evidence to substantiate his
claim and a certain amount of anxiety could be expected due to the serious
charges against him).





[37]Hall
v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau
v. State, 855 S.W.2d 666, 672B73 (Tex. Crim. App.), cert.
denied, 510 U.S. 919 (1993).  





[38]Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App.
1998).  





[39]Tex. Code Crim. Proc. Ann.
art. 37.09(1); Hall, 225 S.W.3d at 536. 






[40]Hall, 225
S.W.3d at 525, 535B36. 





[41]Id. at
536; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau,
855 S.W.2d at 672B73.  





[42]Moore, 969
S.W.2d at 8.  





[43]Hall, 225
S.W.3d at 536; Moore, 969 S.W.2d at 8. 





[44]Skinner
v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997), cert.
denied, 523 U.S. 1079 (1998).





[45]Id.





[46]Tex. Penal Code Ann. '
30.05.  The penal code defines Abuilding@ as
including a Ahabitation.@  Id. '
30.01.





[47]Id. '
30.02.





[48]See
Vargas Juarez v. State, No. 02-04-00335-CR, 2005 WL 3556420, at
*4 (Tex. App.CFort
Worth Dec. 29, 2005, pet. ref=d) (mem. op., not designated
for publication).





[49]E.g., Herron
v. State, 86 S.W.3d 621, 628 (Tex. Crim. App. 2002); Baker v. State,
956 S.W.2d 19, 22 (Tex. Crim. App. 1997); Ferguson v. State, 571 S.W.2d
908, 909 (Tex. Crim. App. [Panel Op.] 1978), overruled on other grounds by
Morgan v. State, 688 S.W.2d 504 (Tex. Crim. App. 1985).





[50]Although
Officer Brichetto did not elaborate, the record indicates that there had been
two previous burglaries at the same house. 





[51]Kemp
v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 918 (1993); Banks v. State, 955 S.W.2d 116, 119
(Tex. App.CFort
Worth 1997, no pet.).





[52]Kipp
v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994); Kemp,
846 S.W.2d at 308 (holding Auninvited and unembellished@
reference to defendant=s
previous incarceration was cured by instruction to disregard); Banks,
955 S.W.2d at 119.





[53]See Banks,
955 S.W.2d at 119B20
(setting out standard of review for a trial court=s
order denying a motion for mistrial).