**Cecil Demmerit BANKS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–055–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1997.

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Chief of the Appellate Section, Sylvia Mandel, Lisa Mullen, and Kim Fisher, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before SHIRLEY W. BUTTS, J. (Retired, Sitting by Assignment) CAYCE, C.J., and BRIGHAM, J.

## OPINION

PER CURIAM.

Cecil Demmerit Banks appeals his conviction for the offense of murder. After finding him guilty, the jury assessed appellant's punishment at life imprisonment.

There is no challenge to the sufficiency of the evidence to support the conviction. In his first point of error, appellant argues that the court should have declared a mistrial when the State disobeyed a motion in limine and introduced an extraneous offense. He contends in point of error two that the court erred in failing to charge the jury on self-defense and defense of a third person. We affirm.

Briefly, the evidence shows that appellant confessed to shooting his 18–year–old, ex-girlfriend, Jessica Jones, on April 24, 1994. Appellant testified that he drove in a rental car to a Sack and Save store where she worked. He said she got in the car voluntarily, and he drove around. When they stopped at a stop sign, a man suddenly appeared at the passenger side of the car. Appellant testified he saw the man reach for a "chrome" object. Thinking it was a gun, appellant grabbed his grandmother's .380 gun, which he admitted stealing, from the floorboard and fired it at the man standing by the passenger's window. He said that Jessica was bent forward looking in the glove compartment when he shot, and the bullet struck her in the head. Appellant said that he recognized the man as the one who ran down his cousin several months before.

Appellant stated he drove a few blocks past the stop sign and removed Jessica from the car. He did not ascertain whether she was alive, nor did he call for help. Her body was later discovered in a dark, secluded alley near a dumpster. Appellant admitted in his confession and at trial that he killed Jessica and secreted the body. Although appellant gave many versions of the occurrence, he did not mention the man who had run down his cousin until trial. Before then

he told persons of an attempted carjacking and his escape. He also said he shot one of the carjackers. His stories varied regarding whether one or several carjackers accosted him and whether they got into the car. He failed to mention Jessica's presence or shooting her until the police officers questioned him about her death.

We will first address the contentions that jury charges on self-defense and defense of a third person should have been submitted. We also emphasize that the trial court granted appellant's request for a jury charge on justification based on the defense of necessity. Section 9.22 of the penal code provides that conduct is justified if:

> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
>
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (Vernon 1994). In this instance, as a matter of law a plain legislative exclusion of justification does appear:

> Even though an actor is justified under this chapter in threatening or using force or deadly force against another, if in doing so he also recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

TEX. PENAL CODE ANN. § 9.05 (Vernon 1994); *Wilson v. State*, 777 S.W.2d 823, 824–25 (Tex.App.—Austin 1989), *aff'd*, 853 S.W.2d 547 (Tex.Crim.App.1993).

This provision in the law altered previous Texas law on justification by necessity. *See Brunson v. State*, 764 S.W.2d 888, 891 (Tex.App.—Austin 1989, pet. ref'd). Under the facts of this case, appellant was not entitled to a jury charge on necessity. Thus, appellant clearly was bestowed a benefit by the jury charge, and the State's burden was heightened by having to disprove the necessity defense beyond a reasonable doubt. The jury rejected the defense of necessity.

■ Appellant contends that the trial court erred in refusing to charge the jury on self-defense. Even if the jury accepted appellant's version of events and even if appellant was justified under the justification chapter of the penal code, specifically TEX. PENAL CODE ANN. § 9.32 (Vernon Supp. 1997), in using deadly force to defend himself against his perceived deadly attack by the unknown male, under the circumstances of this case, there could be no justification where the innocent third person, Jessica, was recklessly killed. .Section 9.05 precludes the self-defense charge.

■ Under previous law, self-defense could be utilized when the accused was justified in using deadly force against the assailant, and he was also further justified in injuring or killing an innocent bystander. *See Brunson*, 764 S.W.2d at 891 (citing *Caraway v. State*, 98 Tex.Crim. 119, 263 S.W. 1063 (1923)). Section 9.05 altered that law. *See Brunson*, 764 S.W.2d at 891. That is no longer Texas law.

Appellant requested jury charges on self-defense and defense of a third person although he testified that he was wrong for trying to shoot "the guy." The evidence was that he drove only a short distance from the encounter, stopped the car, and unceremoniously dragged Jessica from the car, leaving her for dead, thus casting doubt on his story that the unknown man was pursuing him in a car and threatening the use of deadly force. It is also noted that section 9.32(a)(2) takes away the use of deadly force if a reasonable person in the actor's situation would have retreated by driving away quickly. TEX. PENAL CODE ANN. § 9.32(a)(2) (Vernon Supp. 1997).

■ The trial court did charge the jury on the defense of necessity. Even if it is assumed that section 9.05 would not apply to the self-defense theory, the court in *Butler v.*

*State*, 663 S.W.2d 492, 496 (Tex.App.—Dallas 1983), *aff'd,* 736 S.W.2d 668 (Tex.Crim.App. 1987) pointed out that the law of necessity and the law of self-defense do not overlap. The court held that section 9.22 was rendered inapplicable when self-defense becomes immediately necessary. Thus, when self defense is submitted in the jury charge, the defense of necessity cannot be submitted. Use of the necessity defense together with self-defense would thwart the legislative purpose to impose a higher standard and circumvent the "retreat" requirement of section 9.32 where the use of deadly force is sought to be justified. *Id.* In the present case, the court, having submitted the defensive charge of necessity, was precluded from submitting a charge on self-defense. The benefit received by appellant was that he was not bound by the retreat requirement. In summary, section 9.05 clearly precluded submission of self-defense in the jury charge. Further, even if that were not so, the submission of the necessity defense barred the self-defense submission.

■ Defense of a third person, TEX. PENAL CODE ANN. § 9.33 (Vernon 1994), also requires that the intervention by the actor be immediately necessary to protect the third person. Because the jury found against appellant on the issue of immediate necessity, he cannot show harm for failure to submit the charge on defense of a third person. Further, the legislative mandate of section 9.05 also precludes the requested charge on defense of a third person when it is the third person (Jessica) who is killed. For these reasons, we conclude the court did not err in refusing to submit the two requested jury charges and overrule point of error two.

■ Appellant contends that the court should have granted a mistrial when an extraneous offense was introduced by the State in violation of a motion in limine. Early in the case in chief, the prosecutor asked a girlfriend of appellant if she had seen him with a gun. The girl answered, "Not that

weekend [of the shooting]." The prosecutor asked when did she see him with a gun. The general defense objection, "Rule 404(b)," was sustained and the jury instructed to disregard.

Outside the jury's presence, the trial court explained to the prosecutor that her questions put before the jury the possession of a gun by appellant and this was harmful because the complainant was shot in the head. The prosecutor indicated that the possession of the gun by appellant would come into the case later. However, the court found the prosecutor to be in contempt for violation of the court's order and fined her $500.

■ The remedy for the violation of a motion in limine rests with the trial court. *Wade v. State*, 814 S.W.2d 763, 765 (Tex. App.—Waco 1991, no pet.). The court may grant a mistrial, hold the violator in contempt, or dispense any other appropriate remedy. *See Brazzell v. State*, 481 S.W.2d 130, 131 (Tex.Crim.App.1972).

■ The admission of an extraneous bad act or offense evidence may be cured by an instruction to disregard. *Coe v. State*, 683 S.W.2d 431, 436 (Tex.Crim.App.1984); *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Crim. App. [Panel Op.] 1979). The instruction renders the error harmless, except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Richards v. State*, 912 S.W.2d 374, 378 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).[1]

Here, once the objection was sustained, the State did not pursue this questioning. A review of the record fails to show that the State was trying to taint the outcome of the trial. The trial court also offered defense counsel additional instructions if he desired. The offer was declined. We hold that the instruction rendered the error harmless. The court did not abuse its discretion in

---

1. Appellant testified in his defense and admitted that he shot Jessica with the .380 gun he stole from his grandmother. This was consistent with his confession which was in evidence.

refusing to grant a mistrial.[2]  Point of error one is overruled.

The judgment is affirmed.

---

2.  Appellant asked for and received a jury charge on unlawfully carrying a weapon as a lesser offense.  The jury learned about the possession of the gun from several sources, including appellant's testimony.