COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-00-032-CR
 
RANDY LEE DRAGOO                                                            APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION ON REMAND 


 
------------
        Appellant 
Randy Lee Dragoo was convicted by a jury for the offense of possession of a 
firearm by a felon. We reversed the trial court’s judgment, holding that the 
trial court erred in denying Appellant’s motion to dismiss the indictment for 
want of a speedy trial. Dragoo v. State, No. 2-00-032-CR, slip op. at 11 
(Tex. App.—Fort Worth Aug. 2, 2001) (not designated for publication), rev’d, 
96 S.W.3d 308, 316 (Tex. Crim. App. 2003). The Texas Court of Criminal Appeals 
reversed, holding that Appellant’s right to a speedy trial was not violated. Dragoo, 
96 S.W.3d at 316.
        The 
court remanded the case to us to review Appellant’s remaining points: (1) 
whether the trial court erred by denying his motion for mistrial and (2) whether 
the trial court erred by failing to conduct a hearing on Appellant’s motion to 
dismiss the indictment. Id. at 316. Upon consideration of these points, 
we affirm.
Motion for Mistrial
        In 
his first point, Appellant contends that the trial court erred by denying his 
motion for mistrial after a State’s witness provided hearsay testimony that 
Appellant was a murder suspect in violation of a motion in limine. The trial 
court granted Appellant’s written motion in limine prior to voir dire, which 
required that the State be prohibited from mentioning any extraneous offenses or 
other acts of misconduct by Appellant “until a hearing has been held outside 
the presence of the jury.” Additionally, at the conclusion of voir dire and 
outside the presence of the jury, the trial court specifically disallowed any 
mention of the fact that Appellant had an outstanding felony murder 
warrant, but it allowed the State to refer to Appellant having an outstanding 
“felony warrant.”
        At 
trial, during Officer Jason Steele’s testimony, the following exchange 
occurred:
[STATE]: 
All right. Did you receive a call from dispatch that afternoon regarding a 
suspect in your apartment complex?
 
[OFFICER 
STEELE]: I received a call from dispatch. It was my mother. She works for the 
Watauga Department of Public Safety, and she called me at my house on that day.
 
[STATE]: 
And what did you do once your mother called and informed you that there was a 
suspect in your apartment complex?
 
[OFFICER 
STEELE]: She called and informed me that --
 
[DEFENSE 
COUNSEL]: Objection as to hearsay as to what his mother said.
 
THE 
COURT: Sustained.
 
[STATE]: 
We can’t talk about exactly what your mother told you, but just tell the jury 
what you did in response to your mother’s call to you.
 
[OFFICER 
STEELE]: In response to the call I grabbed my service weapon, my badge, my radio 
and put my ballistics vest on, as I [was] informed there was a murder suspect 
that was about --
 
[DEFENSE 
COUNSEL]: Objection, Your Honor. Objection. We would ask for --
 
THE 
COURT: Would the jury go to the jury room, please?
 
(Jury 
not present)
 
[DEFENSE 
COUNSEL]: That’s a flagrant violation of the ruling previously made by the 
Court. This officer, if he hadn’t been informed should have been informed. 
That was a clear attempt to prejudice this jury. We would move for a mistrial, 
Your Honor. There’s no way this jury can make a[n] impartial finding at this 
point.
 
Following argument from 
both sides, the trial court denied Appellant’s motion for mistrial and 
instructed the jury “to wholly disregard the testimony of Officer Jason Steele 
and not consider it as any evidence whatsoever.” The court then instructed the 
State to call its next witness.
        Appellant’s 
complaint focuses on Steele’s mention of the word “murder.” Although he 
describes the challenged testimony as hearsay, Appellant’s briefing makes it 
clear that his contention on appeal is that the trial court erred in failing to 
grant a mistrial because the testimony was admitted in violation of his motion 
in limine. While an objection based merely on a violation of a granted motion in 
limine will generally not preserve error, (see, e.g., Roise v. State, 7 
S.W.3d 225, 240 (Tex. App.—Austin 1999, pet. ref’d), cert. denied, 
531 U.S. 895 (2000)), we believe that Appellant’s objection and argument at 
trial were sufficient to preserve error on the matter. See Gonzales v. State, 
685 S.W.2d 47, 50-51 (Tex. Crim App.), cert. denied, 472 U.S. 1009 
(1985).
        The 
remedy for the violation of a motion in limine rests with the trial court. Brazzell 
v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972); Banks v. State, 
955 S.W.2d 116, 119 (Tex. App.—Fort Worth 1997, no pet.). The court may grant 
a mistrial, hold the violators in contempt, or dispense any other appropriate 
remedy. See Banks, 955 S.W.2d at 119.
        We 
review a trial court’s denial of a motion for mistrial under an abuse of 
discretion standard. See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1070 (2000). Mistrials are an extreme 
remedy for curing prejudice occurring during trial. Bauder v. State, 921 
S.W.2d 696, 698 (Tex. Crim. App. 1996). They ought to be exceedingly uncommon 
and employed only when less drastic remedies are inadequate to the task of 
removing residual prejudice. Id. A mistrial is only required when the 
impropriety is “clearly calculated to inflame the minds of the jury and is of 
such a character as to suggest the impossibility of withdrawing the impression 
produced on the minds of the jury.” Hinojosa v. State, 4 S.W.3d 240, 
253 (Tex. Crim. App. 1999).
        Ordinarily, 
a prompt instruction to disregard will cure any prejudicial effect associated 
with an improper question and answer. Ovalle v. State, 13 S.W.3d 774, 783 
(Tex. Crim. App. 2000); Faulkner v. State, 940 S.W.2d 308, 312 (Tex. 
App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g); see also 
Banks, 955 S.W.2d at 119 (“The admission of an extraneous bad act or 
offense evidence may be cured by an instruction to disregard.”). To determine 
whether a curative instruction is sufficient to cure prejudice from an improper 
question or answer, we must look at the facts of each case. Hernandez v. 
State, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990), cert. denied, 500 
U.S. 960 (1991). Further, we are to presume the jury will follow the court’s 
instructions. Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 
1998).
        Here, 
Officer Steele’s nonresponsive answer suggested that Appellant was a murder 
suspect in violation of the motion in limine and the general prohibition against 
the State trying a defendant for a collateral offense or for being a criminal 
generally. See Tex. R. Evid. 
404; Booker v. State, 103 S.W.3d 521, 539 (Tex. App.—Fort Worth 2003, 
pets. ref’d) (op. on reh’g). However, the trial court sent the jury out and, 
immediately upon its return, instructed the jury to “wholly disregard” 
Officer Steele’s testimony and “not [to] consider it as evidence 
whatsoever.”
        We 
note that, outside the presence of the jury, the State asked the court “to 
give a more strong admonishment than the Court usually does to disregard the 
comment of the officer.” The State also informed the court that “if [the 
court] want[ed] to punish this particular officer for disregarding the previous 
rulings of the Court and his instructions . . . [the State] would understand.” 
Further, the State told the court, “If the Court chooses to do that, and in 
fact, even chooses to prohibit the officer from further testifying in the trial 
and instructing the jury to disregard everything he said, the State would not 
object to that.”
        Thus, 
the trial court not only strongly admonished the jury to disregard Officer 
Steele’s testimony, but it also struck the officer’s testimony in its 
entirety. The State never mentioned the word “murder” at any other time 
during the guilt-innocence phase of Appellant’s trial. Based on the facts in 
the record before us and relying on the presumption that the jury followed the 
trial court’s instruction, we can see no reason why the instruction to 
disregard failed to cure any prejudicial effect Officer Steele’s answer might 
have had. See Ovalle, 13 S.W.3d at 783; Faulkner, 940 S.W.2d at 
312. Accordingly, we hold that the trial court did not abuse its discretion in 
denying Appellant’s motion for mistrial. See Ladd, 3 S.W.3d at 567. We 
overrule Appellant’s first point.
Speedy Trial Hearing
        In 
his second remaining point, Appellant argues that the trial court erred by 
denying him a hearing on his motion to dismiss the indictment based on a 
violation of his constitutional right to a speedy trial. We disagree. The 
record–as discussed in the Texas Court of Criminal Appeals’ 
opinion–reflects that the trial court conducted a hearing on Appellant’s 
motion to dismiss. Dragoo, 96 S.W.3d at 312. We therefore overrule 
Appellant’s second point.
Conclusion
        Having 
overruled Appellant’s two remaining points, we affirm the trial court’s 
judgment.

                                                          ANNE 
GARDNER
                                                          JUSTICE
 
PANEL B:   DAUPHINOT 
and GARDNER, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment)
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: December 11, 2003