DRAGOO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-00-032-CR

RANDY LEE DRAGOO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON REMAND
(footnote: 1)

------------

Appellant Randy Lee Dragoo was convicted by a jury for the offense of possession of a firearm by a felon.  We reversed the trial court’s judgment, holding that the trial court erred in denying Appellant’s motion to dismiss the indictment for want of a speedy trial.  
Dragoo v. State
, No. 2-00-032-CR, slip op. at 11 (Tex. App.—Fort Worth Aug. 2, 2001) (not designated for publication), 
rev’d
, 96 S.W.3d 308, 316 (Tex. Crim. App. 2003).  The Texas Court of Criminal Appeals reversed, holding that Appellant’s right to a speedy trial was not violated.  
Dragoo
, 96 S.W.3d at 316.

The court remanded the case to us to review Appellant’s remaining points:  (1) whether the trial court erred by denying his motion for mistrial and (2) whether the trial court erred by failing to conduct a hearing on Appellant’s motion to dismiss the indictment.  
Id
. at 316.  Upon consideration of these points, we affirm.

Motion for Mistrial

In his first point, Appellant contends that the trial court erred by denying his motion for mistrial after a State’s witness provided hearsay testimony that Appellant was a murder suspect in violation of a motion in limine.  The trial court granted Appellant’s written motion in limine prior to voir dire, which required that the State be prohibited from mentioning any extraneous offenses or other acts of misconduct by Appellant “until a hearing has been held outside the presence of the jury.”  Additionally, at the conclusion of voir dire and outside the presence of the jury, the trial court specifically disallowed any mention of the fact that Appellant had an outstanding felony 
murder
 warrant, but it allowed the State to refer to Appellant having an outstanding “felony warrant.” 

At trial, during Officer Jason Steele’s testimony, the following exchange occurred:

[STATE]:  All right.  Did you receive a call from dispatch that afternoon regarding a suspect in your apartment complex?

[OFFICER STEELE]:  I received a call from dispatch.  It was my mother.  She works for the Watauga Department of Public Safety, and she called me at my house on that day.

[STATE]:  And what did you do once your mother called and informed you that there was a suspect in your apartment complex?

[OFFICER STEELE]:  She called and informed me that -- 

[DEFENSE COUNSEL]:  Objection as to hearsay as to what his mother said.

THE COURT:  Sustained.

[STATE]:  We can’t talk about exactly what your mother told you, but just tell the jury what you did in response to your mother’s call to you.

[OFFICER STEELE]:  In response to the call I grabbed my service weapon, my badge, my radio and put my ballistics vest on, as I [was] informed there was a murder suspect that was about -- 

[DEFENSE COUNSEL]:  Objection, Your Honor.  Objection.  We would ask for -- 

THE COURT:  Would the jury go to the jury room, please?

(Jury not present)

[DEFENSE COUNSEL]:  That’s a flagrant violation of the ruling previously made by the Court.  This officer, if he hadn’t been informed should have been informed.  That was a clear attempt to prejudice this jury.  We would move for a mistrial, Your Honor.  There’s no way this jury can make a[n] impartial finding at this point.

Following argument from both sides, the trial court denied Appellant’s motion for mistrial and instructed the jury “to wholly disregard the testimony of Officer Jason Steele and not consider it as any evidence whatsoever.”  The court then instructed the State to call its next witness. 

Appellant’s complaint focuses on Steele’s mention of the word “murder.” Although he describes the challenged testimony as hearsay, Appellant’s briefing makes it clear that his contention on appeal is that the trial court erred in failing to grant a mistrial because the testimony was admitted in violation of his motion in limine.  While an objection based merely on a violation of a granted motion in limine will generally not preserve error, (
see, e.g., Roise v. State
, 7 S.W.3d 225, 240 (Tex. App.—Austin 1999, pet. ref’d), 
cert. denied
, 531 U.S. 895 (2000)), we believe that Appellant’s objection and argument at trial were sufficient to preserve error on the matter.  
See Gonzales v. State
, 685 S.W.2d 47, 50-51 (Tex. Crim App.), 
cert. denied
, 472 U.S. 1009 (1985).

The remedy for the violation of a motion in limine rests with the trial court.  
Brazzell v. State
, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972); 
Banks v. State
, 955 S.W.2d 116, 119 (Tex. App.—Fort Worth 1997, no pet.).  The court may grant a mistrial, hold the violators in contempt, or dispense any other appropriate remedy.  
See Banks
, 955 S.W.2d at 119.

We review a trial court’s denial of a motion for mistrial under an abuse of discretion standard.  
See Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  Mistrials are an extreme remedy for curing prejudice occurring during trial.  
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).  They ought to be exceedingly uncommon and employed only when less drastic remedies are inadequate to the task of removing residual prejudice.  
Id
.  A mistrial is only required when the impropriety is “clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury.”  
Hinojosa v. State
, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

Ordinarily, a prompt instruction to disregard will cure any prejudicial effect associated with an improper question and answer.  
Ovalle v. State
, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000); 
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g); 
see also Banks
, 955 S.W.2d at 119 (“The admission of an extraneous bad act or offense evidence may be cured by an instruction to disregard.”).  To determine whether a curative instruction is sufficient to cure prejudice from an improper question or answer, we must look at the facts of each case.  
Hernandez v. State
, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990), 
cert. denied
, 500 U.S. 960 (1991).  Further, we are to presume the jury will follow the court’s instructions.  
Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Here, Officer Steele’s nonresponsive answer suggested that Appellant was a murder suspect in violation of the motion in limine and the general prohibition against the State trying a defendant for a collateral offense or for being a criminal generally.  
See
 
Tex. R. Evid
. 404; 
Booker v. State
, 103 S.W.3d 521, 539 (Tex. App.—Fort Worth 2003, pets. ref’d) (op. on reh’g).  However, the trial court sent the jury out and, immediately upon its return, instructed the jury to “wholly disregard” Officer Steele’s testimony and “not [to] consider it as evidence whatsoever.”  

We note that, outside the presence of the jury, the State asked the court “to give a more strong admonishment than the Court usually does to disregard the comment of the officer.”  The State also informed the court that “if [the court] want[ed] to punish this particular officer for disregarding the previous rulings of the Court and his instructions . . . [the State] would understand.”  Further, the State told the court, “If the Court chooses to do that, and in fact, even chooses to prohibit the officer from further testifying in the trial and instructing the jury to disregard everything he said, the State would not object to that.” 

Thus, the trial court not only strongly admonished the jury to disregard Officer Steele’s testimony, but it also struck the officer’s testimony in its entirety.  The State never mentioned the word “murder” at any other time during the guilt-innocence phase of Appellant’s trial.  Based on the facts in the record before us and relying on the presumption that the jury followed the trial court’s instruction, we can see no reason why the instruction to disregard failed to cure any prejudicial effect Officer Steele’s answer might have had.  
See Ovalle
, 13 S.W.3d at 783; 
Faulkner
, 940 S.W.2d at 312.  Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant’s motion for mistrial.  
See Ladd
, 3 S.W.3d at 567.  We overrule Appellant’s first point.

Speedy Trial Hearing

In his second remaining point, Appellant argues that the trial court erred by denying him a hearing on his motion to dismiss the indictment based on a violation of his constitutional right to a speedy trial.  We disagree.  The record–as discussed in the Texas Court of Criminal Appeals’ opinion–reflects that the trial court conducted a hearing on Appellant’s motion to dismiss.  
Dragoo
, 96 S.W.3d at 312.  We therefore overrule Appellant’s second point.

Conclusion

Having overruled Appellant’s two remaining points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT and GARDNER, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 11, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.