In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00113-CR


______________________________




CLIFTON WAYNE PERRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 278th Judicial District Court


Leon County, Texas


Trial Court No. CM-05-489




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Clifton Wayne Perry appeals his conviction by a jury for murder under the immediate
influence of sudden passion with a deadly weapon finding. The jury found the enhancements true
and assessed a punishment of sixty years' imprisonment. The trial court sentenced Perry consistent
with the jury's findings. On appeal, Perry argues the trial court erred in denying his requested
instruction on necessity. Because the evidence clearly implicates the application of self-defense
using deadly force, the trial court did not err in refusing to charge the jury concerning both self-defense using deadly force and necessity. We affirm the judgment of the trial court.

 At the conclusion of the guilt/innocence phase of the trial, Perry requested a jury instruction
on both self-defense and necessity. The necessity defense is contained in Section 9.22 of the Texas
Penal Code, which states:

 Conduct is justified if:

 (1) the actor reasonably believes the conduct is immediately necessary to
avoid imminent harm;

 (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented
by the law proscribing the conduct; and

 (3) a legislative purpose to exclude the justification claimed for the conduct
does not otherwise plainly appear. 


Tex. Penal Code Ann. § 9.22 (Vernon 2003). Under Section 9.32 of the Texas Penal Code, a
person's conduct is justified, under deadly force in defense of a person:

 (1) if he would be justified in using force against the other under
Section 9.31;

 (2) if a reasonable person in the actor's situation would not have retreated; and

 (3) when and to the degree he reasonably believes the deadly force is
immediately necessary:

 (A) to protect himself against the other's use or attempted use of
unlawful deadly force; or

 (B) to prevent the other's imminent commission of aggravated
kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or
aggravated robbery.


Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws 2141, 2141-42 (amended
2007) (current version at Tex. Penal Code Ann. § 9.32 (Vernon Supp. 2008)). (1) The trial court
instructed the jury on self-defense but refused to give an instruction on necessity. Perry argues that
the evidence raised an issue concerning necessity, and the trial court erred by denying the requested
instruction.

 Generally, if the evidence raises the issue, the defendant is entitled to have this issue
submitted to the jury. Riddle v. State, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994). "When evidence
. . . raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial
court must submit the issue to the jury." Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.
1993); see Gibson v. State, 726 S.W.2d 129, 132 (Tex. Crim. App. 1987). "[A]n accused has the
right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak
or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think
about the credibility of the defense." Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). 

 Perry argues that his testimony raised the issue of whether the murder was justified by
necessity. Perry testified his cousin, Jerry Wayne Bailey, gave him a ride home from a family
reunion. When they arrived at Perry's house, Bailey and Perry drank beer together outside the house,
leaning on Bailey's truck. After a while, Perry lit a "premo," which he described as a mixture of
tobacco, crack cocaine, and marihuana. Bailey objected to the "premo." Eventually, curse words
were exchanged and fisticuffs ensued. According to Perry, Bailey then opened the driver's side door
of the truck. Thinking that Bailey was attempting to retrieve a weapon, Perry reached into the bed
of the truck and seized a metal pipe. Perry testified he saw Bailey coming toward him with
"something in his hand." Perry admitted to striking Bailey twice with the pipe and observing Bailey
fall to the ground covered in blood. 

 Subsection (3) of Section 9.22 precludes the defense of necessity when there exists a
legislative purpose to exclude the necessity for the conduct alleged. Tex. Penal Code Ann.
§ 9.22(3). This Court has concluded the defense of necessity is not applicable in murder cases in
which self-defense is raised. Searcy v. State, 231 S.W.3d 539, 544 (Tex. App.--Texarkana 2007,
pet. ref'd); see Gonzales v. State, 2 S.W.3d 600, 606 (Tex. App.--Texarkana 1999, pet. ref'd). At
the time Perry committed the offense in question, a defendant who used deadly force was required
to  establish  that  "a  reasonable  person  in  the  actor's  situation  would  not  have  retreated."  Act
of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws 2141, 2141-42 (amended 2007)
(current version at Tex. Penal Code Ann. § 9.32). In Searcy, we held that including an instruction
on the "'necessity defense together with self-defense would thwart the legislative purpose to impose
a higher standard and circumvent the "retreat" requirement of Section 9.32 where the use of deadly
force is sought to be justified.'" Searcy, 231 S.W.3d at 544 (quoting Banks v. State, 955 S.W.2d 116,
119 (Tex. App.--Fort Worth 1997, no pet.)); see Butler v. State, 663 S.W.2d 492, 496 (Tex.
App.--Dallas 1983), aff'd, 736 S.W.2d 668 (Tex. Crim. App. 1987); cf. Banks, 955 S.W.2d 116
(suggesting, when both necessity and self-defense justifications are raised, the inclusion of one of
the justifications in the charge precludes the inclusion of the other); Fitch v. State, No.
14-06-00408-CR, 2007 Tex. App. LEXIS 7065 (Tex. App.--Houston [14th Dist.] Aug. 30, 2007,
pet. ref'd) (mem. op., not designated for publication) (holding counsel not ineffective for failing to
request charge on necessity because necessity not available).

 Perry cites Bowen v. State, 162 S.W.3d 226 (Tex. Crim. App. 2005), in support of his
argument on appeal. (2) In Bowen, a prosecution for resisting arrest, the defendant had kicked a police
officer in response to pain allegedly inflicted by the officer and in an attempt to regain her balance. 
Id. Noting the justification based on self-defense is extremely limited when a person uses force to
resist arrest, the Texas Court of Criminal Appeals held the trial court erred in denying the requested
instruction on necessity. Id. at 229. In reaching the above conclusion, the court held Section 9.31,
which concerns self-defense not involving deadly force, does not limit the necessity defense's
application because the court was unable to "glean any clear legislative purpose indicating that the
necessity defense is not available." Id. 

 Bowen is distinguishable from this case because it did not involve the use of deadly force. 
The use of deadly force in the defense of a person involves a different section of the Texas Penal
Code and requires proof that a reasonable person in the actor's situation would not have retreated.
Because the retreat requirement was not at issue in Bowen, we conclude Bowen is distinguishable.

 Here, the trial court instructed the jury on self-defense using deadly force, which included
a duty to retreat. Thus, the inclusion of the justification of necessity, on facts such as these which
implicate the application of self-defense using deadly force, would undermine the Legislature's
purpose in imposing the duty to retreat. The trial court did not err in refusing to instruct the jury on
the justification of necessity. We overrule Perry's sole point of error. 

 For the reasons stated, we affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: August 11, 2008

Date Decided: August 12, 2008


Do Not Publish


1. In 2007, the Texas Legislature amended Section 9.32 to remove the requirement that "a
reasonable person in the actor's situation would not have retreated." See Act of May 16, 1995, 74th
Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws 2141, 2141-42, amended by Act of March 20, 2007,
80th Leg., R.S., ch. 1, § 3, 2007 Tex. Gen. Laws 1, 1-2. The offense for which the jury convicted
Perry occurred in 2005. Our analysis of Perry's appeal is therefore governed by the prior version of
Section 9.32. See Act of March 20, 2007, 80th Leg., R.S., ch. 1, § 3, 2007 Tex. Gen. Laws 1, 1-2
(stating that an offense committed before the act's effective date is governed by the sections in effect
when the offense was committed).
2. We note Perry also cites Fox v. State, No. 13-03-00230-CR, 2006 Tex. App. LEXIS 7898
(Tex. App.--Corpus Christi Dec. 6, 2006, pet. ref'd) (mem. op., not designated for publication). In
Fox, the victim accelerated his car toward the defendant's wife and the defendant shot the victim
wounding the victim in the arm. Id. at *3-4. The Corpus Christi Court of Appeals, relying on
Bowen, concluded the submission of a self-defense instruction did not foreclose the availability of
a necessity instruction. Id. at *11 n.25. The Corpus Christi court did not discuss whether the duty
to retreat would affect the applicability of Bowen. Further, as an unpublished opinion, Fox has
limited precedential value.


family: 'Times New Roman', serif">            The sentencing order in this case stated:
            It is further ADJUDGED and DECREED by this Court that the sentence
pronounced herein shall begin after serving sentence in cause #58965 styled The
State of Texas Vs. Larry Edward Daugherty in the Criminal District Court Jefferson
County, Texas where the defendant received twenty-five (25) years in the Texas
Department of Criminal Justice Institutional Division on 11th day of February, 1993,
and that the Defendant is granted credit for 149 days served.
The order provides the required information for prison authorities to implement the trial court's
order. When Daugherty was placed on parole status for the Jefferson County conviction, he had not
yet fully discharged the judgment and sentence.


 The sentence in this case will become effective
when the sentence in cause number 58965 ceases to operate. That is sufficient. See Jimenez v. State,
634 S.W.2d 879, 882 (Tex. App.—San Antonio 1982, pet. ref'd) (The court, relying on Hamm v.
State,


 reasoned that, despite the outcome of the first case, whether the first case was reversed or
affirmed, the second sentence would become effective the moment the initial sentence ceased to
operate.). No additional information is required to execute the cumulative sentence. We overrule
Daugherty's first point of error.
The Sentence Is Not Disproportionate to the Offense
            In his second point of error, Daugherty contends his sentence is disproportionate to his
offense. Daugherty was convicted of aggravated robbery, a first-degree felony. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2003). The punishment range for a first-degree felony is no less than five
years, nor more than ninety-nine years or life. See Tex. Pen. Code Ann. § 12.32 (Vernon 2003). 
If, however, it is shown on the trial of a first-degree felony that the accused has been previously and
finally convicted of two felony offenses, "and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become final, on conviction [of the
currently charged offense, the accused] shall be punished by imprisonment . . . for life, or for any
term of not more than 99 years or less than 25 years." Tex. Pen. Code Ann. § 12.42(d) (Vernon
Supp. 2004–2005). In this case, Daugherty pled true to having been previously, finally, and
sequentially convicted of at least two non-state-jail felonies, thereby enhancing the minimum
sentence in this case to twenty-five years.
            Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). In Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.), however, we recognized that a
prohibition against grossly disproportionate punishment survives under the Eighth Amendment to
the United States Constitution apart from any consideration of whether the punishment assessed is
within the range established by the Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.—Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 68–69 (Tex. App.—Texarkana
2000, pet. ref'd).
            Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same
jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.—Tyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual
punishment under test outlined in Solem). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet.
ref'd).
            There is no evidence in the record comparing the sentences imposed on persons in Texas with
sentences imposed against defendants in other jurisdictions who committed a similar offense. See
Fluellen, 71 S.W.3d at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664–65. Therefore,
there is no showing that the sentence was disproportionate or excessive.
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 15, 2005
Date Decided:             March 30, 2005

Do Not Publish