Affirmed and Memorandum Opinion filed December 9, 2008








Affirmed and Memorandum Opinion filed December 9, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00202-CR

____________

 

DAMON KEITH HUNTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court 

Harris County, Texas

Trial Court Cause No. 1092290

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Damon Keith Hunter, guilty of
aggravated assault.  Consistent with the jury=s assessment of
punishment, the trial court sentenced him to five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice,
probated for five years.  In a single issue, appellant contends that the trial
court committed reversible error by denying him a jury instruction on the
defense of necessity.  We affirm.

 








Factual Background

On November 9, 2006, Angel Rodriguez drove to his father=s house for a
family cookout.  Family members= vehicles filled the driveway, so
Rodriguez pulled his SUV into the driveway of appellant=s home to turn
around so he could park legally on the street in front of his father=s house.  As
Rodriguez pulled into the driveway, appellant opened his garage door and threw
an object at Rodriguez=s vehicle, cracking the windshield. 
Rodriguez leaned out of his SUV and yelled, AF*** you bitch. 
Don=t ever throw
nothing at my truck!@  Appellant then retrieved an AK-47
assault rifle and pointed it at Rodriguez.  Rodriguez pulled out of the
driveway, left his vehicle, and fled to his father=s house.

Rodriguez found his father in the backyard, told him what
happened, and asked him for a gun, fearing appellant would follow with the
AK-47.  Rodriguez=s father refused to give Rodriguez a gun,
and instead called the police.

Appellant testified at trial that, on the evening of
November 9, he was in the garage talking to his mother on the phone when he
heard loud music outside.  He ended his call and opened the garage door to
investigate.  He saw Rodriguez sitting in his SUV in appellant=s driveway playing
the loud music.  Appellant did not say anything to Rodriguez, but threw an
object he found on the floor at Rodriguez=s vehicle,
striking it.  Rodriguez quickly pulled out into the street, jumped out of his
vehicle, and ran to his father=s house.  

Appellant testified that he then went to retrieve his AK-47
from a closet because he was concerned that Rodriguez would return with a
weapon.  When appellant returned to his garage, he stood with the AK-47 beside
or behind his leg, because he Adidn=t want to expose
the firearm.@  Eventually, according to appellant, he saw Rodriguez
running toward his garage.  When Rodriguez saw AK-47, he said, AI see you got AK,
B-I-T-C-H, and you going to jail.@  Rodriguez turned
and ran away, and as he did so, appellant saw a gun stuck in Rodriguez=s waistband. 
Rodriguez did not point the gun at appellant. 








When the police arrived, they interviewed the people at the
scene, including appellant and Rodriguez.  Appellant gave written consent for
the police to search his home, where they recovered a loaded AK-47 and several
magazines from a closet.  Appellant testified that he told the police that he did
not point the firearm at Rodriguez.  However, appellant did not tell the police
that he saw Rodriguez return to his house with a gun.

Appellant testified that he had seen Rodriguez with a gun
in the past, and described an incident in which Rodriguez had exhibited a gun
during an argument between appellant and Rodriguez and Rodriguez=s mother. 
Appellant also testified that he and Rodriguez had had confrontations in the
past about noise and Rodriguez=s vehicle blocking appellant=s driveway. 
Appellant, his mother, and his uncle all testified that Rodriguez had a bad
reputation in the community for carrying a weapon.  Appellant also testified
that there was an immediate need for him to arm himself with the AK-47 that
day, and he thought he had no time to wait because he feared that Rodriguez
intended to inflict imminent harm by shooting him.  

I.        Analysis
of Appellant=s Issue

Appellant was indicted and tried for aggravated assault by
intentionally and knowingly threatening Angel Rodriguez with imminent bodily
injury by using and exhibiting a deadly weapon, namely a firearm.  See
Tex. Penal Code Ann. '' 22.01(a)(2), 22.02(a)(2) (Vernon Supp.
2008).  During the charge conference, the trial court refused appellant=s request to
include the defense of necessity in the jury charge, but did charge the jury on
self-defense using deadly force.  On appeal, appellant contends that the
defenses of necessity and self-defense are not synonymous, citing Bowen v.
State, 162 S.W.3d 226 (Tex. Crim. App. 2005), and that he was entitled to
an instruction on necessity because he offered testimony supporting this
defense.  Appellant also contends the error was harmful.

 








A.      The
Standard of Review

A defendant is entitled to an instruction on every
defensive issue raised by the evidence, whether the evidence is strong, weak,
unimpeached, or contradicted, and even when the trial court thinks that the
testimony is not credible.  Granger v. State, 3 S.W.3d 36, 38 (Tex.
Crim. App. 1999); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.
1993).  A defendant=s testimony alone may be sufficient to
raise a defensive issue requiring an instruction in the jury charge.  Hayes
v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987); Kenny v. State,
___ S.W.3d ___, ___, No. 14-06-00764-CR, 2007 WL 2790373, at *9 (Tex. App.CHouston [14th
Dist.] 2007, pet. ref=d).  When the evidence fails to raise a
defensive issue, the trial court commits no error in refusing a requested
instruction.  Muniz, 851 S.W.2d at 254; Ford v. State, 112 S.W.3d
788, 793 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  A
reviewing court must decide whether the evidence adduced by either party, when
viewed in the light most favorable to appellant, is sufficient to raise the
issue of necessity.  See Granger, 3 S.W.3d at 38; Stefanoff v. State,
78 S.W.3d 496, 500 (Tex. App.CAustin 2002, pet. ref=d).

B.      The Defense
of Necessity








Self-defense and necessity are independent defenses.  Bowen
v. State, 162 S.W.3d 226, 229 (Tex. Crim. App. 2005).  Necessity is a
statutory defense that exonerates a person=s otherwise
illegal conduct.  Stefanoff, 78 S.W.3d at 500.  Necessity justifies
conduct if:  (1) the actor reasonably believes the conduct is immediately
necessary to avoid imminent harm; (2) the desirability and urgency of avoiding
the harm clearly outweigh, according to ordinary standards of reasonableness,
the harm sought to be prevented by the law proscribing the conduct; and (3) a
legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.  Tex. Penal Code Ann. ' 9.22 (Vernon
2003).  To raise the necessity defense, a defendant must admit that he
committed the offense charged and then offer the alleged necessity as a
justification for his conduct.  Young v. State, 991 S.W.2d 835, 838
(Tex. Crim. App. 1999); Ford, 112 S.W.3d at 793.  

C.      The Trial
Court Did Not Err In Refusing to Include Necessity Defense in Jury Charge 








Courts, including this court, have held that, when deadly
force in self-defense is the conduct that is allegedly Aimmediately
necessary@ under section 9.22, and the jury is charged on
self-defense, the defense of necessity is not available.  See, e.g.,
Searcy v. State, 231 S.W.3d 539, 544 (Tex. App.CTexarkana 2007,
pet. ref=d); Banks v.
State, No. 14-00-00650-CR, 2002 WL 27265, at *5 (Tex. App.CHouston [14th
Dist.] Jan. 10, 2002, pet. ref=d) (not designated for publication); Banks
v. State, 955 S.W.2d 116, 118B19 (Tex. App.CFort Worth 1997,
no pet.); Butler v. State, 663 S.W.2d 492, 496 (Tex. App.CDallas 1983), aff=d, 736 S.W.2d 668
(Tex. Crim. App. 1987); see also Fitch v. State, No. 14-06-00408-CR,
2007 WL 2447297, at *7 (Tex. App.CHouston [14th
Dist.] Aug. 30, 2007, pet. ref=d) (mem. op., not designated for
publication) (holding defense counsel was not ineffective by failing to request
necessity instruction because defense was not available when deadly force in
self-defense was conduct at issue and jury was charged on self-defense).  These
courts reasoned that the third element of section 9.22 cannot be met, because
the Legislature=s purpose in imposing the duty to retreat
contained in former Penal Code section 9.32[1]
would be undermined if an instruction on the defense of necessity, which does
not require retreat, were included in a jury charge on facts implicating the
application of self-defense using deadly force.  See Searcy, 231
S.W.3d at 544; Banks, 2002 WL 272265, at *5; Banks, 955 S.W.2d at
119; Butler, 663 S.W.2d at 496.

Appellant argues, however, that the reasoning of these
cases conflicts with the Court of Criminal Appeals= Bowen
decision, which reaffirmed the principle that a defendant is entitled to the
submission of every defense raised by the evidence, even if the defense is
inconsistent with other submitted defenses.  See Bowen, 162 S.W.2d at
229.  Further, the Bowen court noted that necessity and self-defense are
separate defenses, and that submitting a self-defense instruction does not
foreclose the availability of a necessity instruction.  Id. at 229B30.  Appellant
also points out that in Bowen, the court noted that the plain language
of Penal Code section 9.22 indicates that the defense of necessity may apply in
every case unless specifically excluded by the Legislature, and to determine
whether a legislative purpose exists to exclude the defense, we are directed to
look to the statute defining the charged offense.  Id. at 229. 
Appellant asserts that in this case, the statutes defining the charged offense
are Penal Code sections 22.01 and 22.02, which do not explicitly exclude the
necessity defense.  








In response, the State distinguishes Bowen as
dealing with a resisting-arrest case in which deadly force was not in issue. 
The State further argues that the Legislature has made clear that when
justification for threat or use of deadly force is sought, a duty to retreat is
imposed.  See Tex. Penal Code ' 9.32.  We note
that at least one court has distinguished Bowen and applied the same
reasoning the State articulates here.  See Perry v. State, No. 06-07-00113-CR,
2008 WL 3287038, at *2B3 (Tex. App.CTexarkana Aug. 12,
2008, no pet.) (mem. op., not designated for publication) (distinguishing Bowen
and holding that trial court did not err by refusing necessity instruction in
aggravated assault case in which jury was instructed on self-defense using
deadly force, because inclusion would undermine Legislature=s purpose in
imposing duty to retreat).[2]








However, we need not address the parties= arguments
concerning Bowen and the third element of the necessity defense, because
we hold that appellant failed to adduce evidence sufficient to raise the issue
of necessity.  As noted above, a defendant is not entitled to an instruction on
the defense of necessity unless the defendant has first admitted that he
committed the offense charged.  See Young, 991 S.W.2d at 838; East
v. State, 76 S.W.3d 736, 738 (Tex. App.CWaco 2002, no
pet.); Allen v. State, 971 S.W.2d 715, 720 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).[3] 
One cannot establish that an act is justified without first admitting to
committing the act.  Maldonado v. State, 902 S.W.2d 708, 712 (Tex App.CEl Paso 1995, no
pet.).  Here, appellant testified that he Adidn=t want to expose
the firearm,@ so he Astood with it on
the side of [his] leg@ or Aon [his] back leg.@  He also denied
pointing the weapon at Rodriguez or pulling it on him, and he told the police
he did not point the firearm at Rodriguez.  Therefore, because appellant denies
the charged conduct, he is not entitled to a necessity instruction.  See
East, 76 S.W.3d at 738 (holding that appellant was not entitled to claim
necessity when he denied driving vehicle that ran into victim); McGarity v.
State, 5 S.W.3d 223, 227 (Tex. App.CSan Antonio 1999,
no pet.) (holding that defendant in aggravated assault prosecution was not
entitled to necessity instruction when he did not admit to hitting victim); Allen,
971 S.W.2d at 720 (holding that defendant, who admitted she left scene without
rendering aid to cyclist because she feared individuals chasing her, was not
entitled to necessity instruction when she claimed she did not know she had hit
anyone).

Additionally, to be entitled to a necessity charge, a
defendant must present evidence that he reasonably believed harm was imminent. 
See Tex. Penal Code Ann. ' 9.22(1).  AImminent@ means something
that is A>impending, not
pending; something that is on the point of happening, not about to happen.=@  Kenny,
___ S.W.3d at ___, 2007 WL 2790373, at *9 (quoting Schier v. State, 60
S.W.3d 340, 343 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d)).  An Aimminent harm@ occurs when there
is an emergency sitution and it is Aimmediately
necessary@ to avoid that harm, when a split-second decision is
required without time to consider the law.  Kenny, ___ S.W.3d at ___,
2007 WL 2790373, at *9.  More than a generalized fear of harm is required to
raise the issue of imminent harm.  Stefanoff, 78 S.W.3d at 500.  A
defendant=s belief that conduct was immediately necessary to
avoid imminent harm may be deemed unreasonable as a matter of law if undisputed
facts demonstrate a complete absence of evidence of immediate necessity or
imminent harm.  Kenny, ___ S.W.3d at ___, 2007 WL 2790373, at *9; Arnwine
v. State, 20 S.W.3d 155, 159 (Tex. App.CTexarkana 2000, no
pet).  

Appellant contends that he testified that Rodriguez left
his driveway, entered his home, and returned with a gun in his waistband and
ran toward his garage.  Appellant testified to prior confrontations with
Rodriguez in which Rodriguez carried a gun.  Appellant further testified that
he believed there was an immediate need to get his AK-47 and he had no time to
wait because he feared that Rodriguez intended to inflict immediate harm by
shooting him.








However, viewing the evidence in the light most favorable
to the defense, we conclude that it does not raise an issue that appellant
reasonably believed a specific harm was imminent.  Appellant=s own testimony
establishes that he retrieved his AK-47 assault rifle before Rodriguez even
allegedly returned to his property.[4] 
And, by his own admission, appellant did not even see the gun Rodriguez
allegedly brought back to his property until after Rodriguez turned and ran
away.  Thus, his own testimony fails to indicate that he made the decision to
get and exhibit his weapon in a split second without time to consider any legal
alternatives, such as retreating to his home or calling the police.  See
Kenny, ___ S.W.3d at ___, 2007 WL 2790373, at *10 (holding necessity
instruction not required when appellant=s testimony
revealed decision to act was not made in split second without time to consider
any legal alternatives).  Further, appellant testified that Rodriguez did not
get close to him or pull a weapon on him.  A generalized fear of harm because
he had seen Rodriguez with a gun before and, on one prior occasion Rodriguez
was Afixing to pull@ a gun, does not
justify appellant=s conduct.  See Tex. Penal Code
Ann. ' 9.22(1); see
also Chunn v. State, 821 S.W.2d 718, 719 (Tex. App.CHouston [1st
Dist.] 1991, pet. ref=d) (AThe mere
possibility of harm will not support a jury instruction on necessity.@).  

In summary, appellant did not admit that he engaged in the
charged conduct and he presented no evidence that he reasonably believed harm
was imminent.  Therefore, we hold that the trial court did not err in refusing
appellant=s request for a necessity instruction and overrule
appellant=s issue.  Because of our disposition of the issue, we
need not address appellant=s contention that the trial court=s refusal to
charge the jury on necessity caused him to suffer harm.

 

 

 








Conclusion

We overrule appellant=s issue and affirm
the trial court=s judgment.

 

 

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 9, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Formerly, a defendant who used deadly force was
required to establish that Aa reasonable
person in the actor=s situation would not have retreated,@ but in 2007, the Texas Legislature amended the
self-defense statute to remove this requirement.  See Act of May 16,
1995, 74th Leg., R.S., ch. 235, ' 1,
1995 Tex. Gen. Laws, 2141, 2141B42 (amended
2007) (current version at Tex. Penal Code Ann. ' 9.32 (Vernon Supp. 2008).  However, the offense here occurred in
2006.  Therefore, we apply the prior version of section 9.32.  See Act
of March 20, 2007, 80th Leg., R.S., ch. 1, ' 3,
2007 Tex. Gen. Laws 1, 1B2 (providing that an offense committed before the act=s effective date is governed by the sections in effect
when the offense was committed).  For convenience, all references to section
9.32 will be to the prior version.





[2]  However, we note that in Fox v State, the court relied on the broad
language of Bowen to reject the argument the State makes here.  See
Fox v State, No. 13-03-230-CR, 2006 WL 2521622, at *3 (Tex. App.CCorpus Christi Aug. 31, 2006, pet.
ref=d) (holding submission of
self-defense instruction did not preclude submission of necessity instruction
in aggravated assault prosecution).





[3]  Further, this court has previously held that one who provokes the
difficulty, or is responsible for having placed himself in the position from
which he attempts to extricate himself by committing a criminal offense, is not
entitled to a charge authorizing his acquittal of that offense based upon
necessity. Ford, 112 S.W.3d at 794. 
Here, appellant provoked the difficulty by striking Rodriguez=s vehicle with an unknown object, cracking the
windshield.





[4]  In his brief, appellant describes the evidence as
showing that Rodriguez Aquickly@
returned to his property, but the record does not indicate how much time passed
before Rodriguez allegedly returned.  Instead, appellant merely answers
affirmatively when his counsel asked if he Aeventually@ saw Rodriguez return.