Opinion issued May 14, 2009
 
















     

                                        

                               
In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00610-CR




DAVID LYNN BRATCHER, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1037467


 
 
 
 
MEMORANDUM OPINION
          A jury convicted appellant, David Lynn Bratcher, of aggravated sexual assault.
See Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(iii); 22.021(a)(2)(B) (Vernon Supp.
2008). The trial court assessed punishment at 75 years in prison. In eight issues,
appellant contends that: (1) his trial counsel was ineffective; (2) the evidence
supporting his conviction is factually insufficient; (3) the trial court abused its
discretion by overruling four separate evidentiary objections; (4) the trial court erred
by including the word “victim” in the jury charge; and (5) the cumulative effect of the
trial court’s errors requires a new trial. We affirm.
Background
          In the early 1990s, when appellant was in his late thirties, he and his wife
owned a sports-card shop in Dallas. The male complainant lived nearby. After the two
families became friendly, appellant traveled with the complainant, who was twelve
years old at the time, and two other boys to Houston for a baseball card show in 1991.
The four stayed overnight at the home of Herb Weaver, one of appellant’s friends.
          The complainant testified that he and appellant shared the bed in an upstairs
bedroom because “[t]here was a very limited selection of places to sleep.” When the
two woke up, the complainant testified, appellant’s “arm was wrapped around my
stomach and he was rubbing my stomach.” The complainant testified that appellant
then fondled his penis and performed oral sex on him.
          After appellant and the complainant returned to Dallas, the complainant
testified, the two began a sexual relationship that lasted until the complainant was “16
or 17.” During this time, the complainant began working at a tanning salon. The
record contains faxes sent by the complainant to appellant offering “free tans” and
depicting homosexual acts, as well as pictures and notes indicating an affectionate
relationship.
          The complainant testified that he became “depressed, always real anxious” in
his late teenage years and early twenties and saw two counselors, one of whom,
Fayteen Marshall, testified at trial. The State introduced a letter written by the
complainant at the age of 21 in which he called appellant “sick” and “A PEDIFILE
[sic]” and accused appellant of opening the sports-card shop “to be like a lion over
his prey.” In the letter, the complainant also promised to “RUIN [appellant’s] LIFE”
if appellant ever contacted the complainant or his family again.
          In 2002, the complainant contacted the Dallas Police Department about his
relationship with appellant. The complainant testified that he contacted the police
because he “came to the conclusion after talking to the doctors and reading on this
topic that if you’ve been abused, ten to one you’re not the only one that person’s
abused” and he “wanted to make sure it couldn’t happen to anybody else.” As part of
the investigation, Officer Corden of the Dallas Police Department arranged and taped
a phone call between appellant and the complainant. At that point, appellant and the
complainant had not spoken in three years.
          The tape and a transcript were admitted into evidence. During the conversation,
appellant admitted to having a sexual relationship with the complainant but insisted
that the relationship began when the complainant was eighteen and lasted for only a
short time. 
          After hearing the conversation, Corden obtained two warrants for appellant’s
arrest. Appellant was charged, convicted, and sentenced to 55 years in prison in
Dallas, but the trial court granted a motion for new trial.
          Subsequently, the Dallas County District Attorney’s Office contacted Officer
Anderson of the Houston Police Department and gave her information regarding the
sexual encounter between appellant and the complainant that allegedly took place in
Houston in 1991. After investigating the allegations, Anderson gave her file to the
Harris County District Attorney’s Office, which pressed charges against appellant. Ineffective Assistance of Counsel
          In his first issue, appellant contends that his trial counsel was ineffective for
failing to challenge for cause a venireman who indicated that he would be unable to
disregard appellant’s exercise of his right not to testify in the case. The venireman
served on the jury.
Standard of Review
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel’s performance was so deficient that
he was not functioning as acceptable counsel under the Sixth Amendment and (2)
there is a reasonable probability that, but for counsel’s error or omission, the result
of the proceedings would have been different, i.e., the error or omission was
sufficient to undermine confidence in the proceeding’s outcome. Strickland, 466 U.S.
at 687, 694, 104 S. Ct. at 2064, 2068. 
          The constitutional right to counsel does not mean the right to errorless counsel.
Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether
counsel was ineffective, we consider the totality of the circumstances of the particular
case. Thompson, 9 S.W.3d at 813. 
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Gamble, 916
S.W.2d at 93.  
Failure to Challenge
          During voir dire, defense counsel said:
So, First Row, if the defendant doesn’t testify, can you promise us that you
won’t hold it against him? Can everybody on the first row do that? If you
cannot, just show me your number.

          Defense counsel asked the same question of every row. In all, 32 veniremen,
including venireman number nine, raised their numbers. A bench conference soon
followed, and the prosecutor expressed concern that the panel had been “busted.” The
prosecutor suggested that she try to rehabilitate some of the panel members, and
defense counsel indicated that he thought that was a good idea. As the prosecutor
discussed the Fifth Amendment protections, venireman number nine twice more
indicated that he would be unable to disregard appellant’s exercise of his Fifth
Amendment rights. 
          Appellant cites the opinions in Knight v. State and Nelson v. State to support
his argument that his trial counsel should be presumed ineffective because no sound
strategy could justify counsel’s failure to challenge the venireman. Knight, 839
S.W.2d 505, 510-11 (Tex. App.—Beaumont 1992, no pet.); Nelson, 832 S.W.2d 762,
766-67 (Tex. App.—Houston [1st Dist.] 1992, no pet.). This Court disavowed Knight
and Nelson in Parish v. State, No. 01-96-00279-CR, 1997 WL 760611, at *2 (Tex.
App.—Houston [1st Dist.] Nov. 26, 1997, no pet.) (mem. op., not designated for
publication), because Knight and Nelson predated the holdings of the Court of
Criminal Appeals in Jackson v. State and Delrio v. State. Jackson, 877 S.W.2d 768,
771-72 (Tex. Crim. App. 1994) (failure to challenge or strike juror who said he could
not be fair or impartial, absent any other evidence, did not rebut presumption that
counsel’s actions were sound trial strategy); Delrio, 840 S.W.2d 443, 446-47 (Tex.
Crim. App. 1992) (same). 
          Moreover, appellant did not develop a record that reflects his counsel’s
strategic motives, or lack thereof, for failing to strike or challenge venireman number
nine. Appellant’s counsel said at one of the bench conferences that he thought it was
“a good idea” for the prosecutor to attempt to rehabilitate the panel when both
attorneys thought it had been “busted.” It is possible, therefore, that appellant’s
counsel wished to preserve the jury panel. It is also possible that appellant’s counsel
thought having venireman number nine on the jury would give him an advantage,
notwithstanding the venireman’s answers to the Fifth Amendment questions, as
appellant’s counsel conducted an extensive voir dire and interacted positively with
several veniremen who are not identified by name or number in the reporter’s record.
          Because appellant points to no evidence in the record, apart from his counsel’s
not striking or challenging venireman number nine, to support his assertion of
ineffective assistance of counsel, we conclude that he has failed to rebut the
presumption that his trial counsel “made all significant decisions in the exercise of
reasonable professional judgment.” Delrio, 840 S.W.2d at 447 (citing Strickland, 466
U.S. at 690, 104 S. Ct. at 2066). We overrule appellant’s first issue. 
Factual Sufficiency
          In his second issue, appellant contends that the evidence is factually
insufficient to support his conviction because of prior statements by the complainant
indicating that he was 14 when the sexual encounters between the complainant and
appellant began. A jury finding that the complainant was 14 or older at the time of the
sexual encounter would have precluded a finding of guilt for aggravated sexual
assault. See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008).



Standard of Review 
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set
the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and preponderance
of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the
first prong of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we would
have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). Under the second prong of Johnson, we cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree with the
jury’s resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).
          A jury is in the best position to evaluate the credibility of witnesses, and we are
required to afford “due deference” to the jury's determinations. Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006). The jury is free to accept or to reject any
or all of the evidence presented by either side. Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  Reconciling conflicting testimony is within the exclusive
province of the jury. Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).
The Evidence
          Appellant contends that the evidence is factually insufficient to support his
conviction because the complainant told “a doctor in 1998, appellant in 2002, and the 
police in 2002” that he was 14 years old when the sexual encounters between the
complainant and appellant began. Appellant further argues that “[t]hree separate
admissions that [complainant] was 14 years old outweighs [sic] his testimony that he
was 12 years old.” Additionally, appellant claims that testimony by Herb Weaver, the
owner of the house at which the complainant and appellant stayed when they visited
Houston, that “there was no bed or any furniture” in Weaver’s upstairs spare bedroom
in 1991 establishes that the encounter could not have taken place when the
complainant was 12. 
          The complainant testified at trial that the encounter occurred during his first
trip with appellant from Dallas to Houston in 1991 and that several other encounters
occurred during the following years. The jury alone decides what weight to give to
contradictory testimony, as the decision turns on an evaluation of credibility and
demeanor. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The jury
is free to believe some, all, or none of the testimony of a witness, and the jury’s
decision is not manifestly unjust because the jury has resolved conflicting views of
evidence in favor of the State. Id. at 407, n. 5, 410. Hence, the jury was free to
discredit Weaver’s trial testimony and believe that of the complainant, and the jury
was also free to resolve any conflict between the complainant’s prior statements and
trial testimony in favor of the State.
          Appellant does not show how the jury’s finding that the complainant was 12
years old at the time of the sexual encounter was clearly wrong, manifestly unjust, or
against the great weight and preponderance of the evidence. Johnson, 23 S.W.3d at
11. We overrule appellant’s second issue. Evidentiary Objections
          In his third, fourth, fifth, and sixth issues, appellant contends that the trial court
erred by overruling his objections to the following: a letter written by the complainant
to appellant; the testimony of a counselor from whom the complainant sought
therapy; testimony that appellant was convicted in Dallas County of sexually
assaulting the complainant; and the testimony of a police officer who investigated the
complainant’s allegations that appellant sexually abused him.
Standard of Review
           A trial court has broad discretion in determining the admissibility of evidence. 
Canseco v. State, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d) (citing Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994)). Thus, we
will not reverse an evidentiary ruling unless the record shows a clear abuse of
discretion. Canseco, 199 S.W.3d at 439 (citing Williams v. State, 535 S.W.2d 637,
639-40 (Tex. Crim. App. 1976)). An abuse of discretion occurs when the trial court
acts without reference to guiding rules or principles or acts arbitrarily or
unreasonably. Canseco, 199 S.W.3d at 439 (citing Galliford v. State, 101 S.W.3d 600,
604 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d)). 
The Letter
          In his third issue, appellant contends that the trial court erred in overruling his
objections to a letter written by the complainant to appellant several years after the
alleged offense. 
Rules 402 and 403
          Appellant contends on appeal that the letter was inadmissible under Rule
613(c) of the Texas Rules of Evidence, which bars prior statements of a witness that
are consistent with the witness’s testimony unless those statements are offered to
rebut an express or implied charge of recent fabrication or improper influence or
motive. Tex. R. Evid. 613(c), 801(e)(1)(B). However, at trial, appellant objected to
the admission of the letter on the grounds that the letter was “self-serving,” “not
relevant,” “cumulative,” and “meant to inflame the minds of the jury” and added that
“the prejudicial affect [sic] outweighs any probative nature. . . .” Appellant did not
mention the rule barring prior consistent statements in making his objection. 
          Appellant’s grounds for objection at trial were Rules 402 and 403.


 When a
complaint on appeal does not comport with an objection made at trial, no error is
preserved on the complaint. See Schultze v. State, 177 S.W.3d 26, 41 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d) (citing Goff v. State, 931 S.W.2d 537, 551
(Tex. Crim. App. 1996)).
          Because appellant failed to preserve his third issue for review, we overrule it.
The Counselor’s Testimony
          In his fourth issue, appellant contends that the trial court erred in overruling his
objection to the testimony of Fayteen Marshall, a counselor from whom the
complainant sought therapy, because Marshall was not the first person age 18 or older
to whom the complainant made a statement about the offense. The State gave
appellant notice that it intended to use Marshall as an outcry witness. At trial,
appellant objected to Marshall’s testimony on the ground that Dr. Seremetis, the
counselor to whom the complainant first spoke about the sexual abuse, was the proper
outcry witness, and appellant repeats this contention on appeal. 
 
Outcry Witness
          The “outcry” statute allows admission of certain hearsay testimony in the
prosecution of offenses committed against children twelve years of age or younger.
Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005); Sims v. State, 12 S.W.3d
499, 500 (Tex. App.—Dallas 1999, pet. ref’d). The statute applies only to statements
made (1) by the child against whom the offense was allegedly committed, and (2) to
the first person, eighteen years of age or older, to whom the child made a statement
about the offense. Id. To be a proper outcry statement, the child’s statement to the
witness must describe the alleged offense in some discernible manner and must be
more than a general allusion to sexual abuse. Sims, 12 S.W.3d at 500 (citing Garcia
v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). The trial court has broad
discretion in determining the proper outcry witness, and its determination will not be
disturbed absent an abuse of discretion. Sims, 12 S.W.3d at 500 (citing Schuster v.
State, 852 S.W.2d 766, 768 (Tex. App.—Fort Worth 1993, pet. ref’d)). 
The Evidence
          The complainant testified that he only saw Dr. Semeretis “two or three times,”
that the sessions revolved predominantly around the complainant’s recent breakup
with a girlfriend, and that he only “mentioned to [Dr. Semeretis] that [he] was
sexually abused” without going into any depth. On the other hand, the complainant
testified that he discussed the sex abuse “in detail” with Marshall and told her “what
had been done to [him].” 
          The proper outcry witness is the first adult whom the complainant tells “how,
when, and where” he was assaulted. Hanson v. State, 180 S.W.3d 726, 730 (Tex.
App.—Waco 2005, no pet.) (citing Sims, 12 S.W.3d at 500)). The outcry witness is
not always the first person to whom the child spoke about the abuse. See Smith v.
State, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref’d) (complainant told
mother and doctor that defendant “had been performing oral sex on him” then later
provided details to another adult); Castelan v. State, 54 S.W.3d 469, 475-76 (Tex.
App.—Corpus Christi 2001, no pet.) (complainant told grandmother that defendant
had “put his thing in through the back” then later provided details to counselor); Sims,
12 S.W.3d at 500 (complainant told mother that defendant “had touched her private
parts” then later provided details to counselor). Nothing in the record indicates that
the complainant provided any specific details regarding the sexual abuse to Dr.
Semeretis. Accordingly, we conclude that the trial court did not abuse its discretion
by overruling appellant’s objection and permitting Marshall to testify as the outcry
witness.
          Appellant also contends that Marshall’s testimony regarding the complainant’s
statements about sexual abuse was not admissible under the hearsay exception for
statements made for the purpose of medical diagnosis or treatment. Because we have
concluded that the trial court did not abuse its discretion in permitting Marshall to
testify as an outcry witness, we do not reach this contention.
          We overrule appellant’s fourth issue.
Prior Trial
          In his fifth issue, appellant contends that the trial court erred by admitting
testimony regarding a prior proceeding. In 2004, in a separate trial on charges
stemming from different incidents, appellant was found guilty of sexually assaulting
the complainant in Dallas County and sentenced to 55 years in prison. For reasons
that are unclear from the record of this case, the trial court in that proceeding granted
a motion for new trial. 
          In the instant case, the State made a motion in limine regarding the results of
the prior proceeding, which the trial court granted. During his cross-examination of
the complainant, defense counsel asked the following question: 
All your time and effort that you put into your testimony under oath in Dallas
as to the number of events and occasions it happened, that bothered you when
you didn’t get the result that you wanted, didn’t it?
 
          The trial court sustained the State’s objection, and the parties approached the
bench:
[Prosecutor]: First of all, he opened the door to the fact there was a guilty
verdict in that case. Now he’s making it seem like something bad happened in
Dallas. It’s completely inappropriate, and he knows it.

          . . .
 
[The Court]: Well, I think the door is open. I think you violated at least the 
spirit of the Motion in Limine.

          [Defense counsel]: About talking about Dallas?

          [The Court]: Uh-huh. 

          . . .
 
[The Court]: I regret how much time we’re going to spend having to cure this,
but I think the door is open.
 
[Defense counsel]: Okay. Then I plan on introducing that the case was
dismissed.

          [The Court]: The whole thing will come in, I guess.
 
          . . .
 
[Prosecutor]: Am I allowed to ask questions in regards to this matter [the
Dallas trial] at all or just not?

          [The Court]: Well, he hasn’t passed.

          [Prosecutor]: But if he passes—

          [The Court]: Oh, sure.
 
          Defense counsel did not make any further mention of the Dallas proceeding
during his cross-examination.
          On redirect, the following exchange took place:
[Prosecutor]: [N]ow, one of the questions defense counsel had asked you was
something about not being happy with the results in Dallas. That’s not true, is
it?

          [Complainant]: Not at all.
 
[Defense counsel]: Judge, I object because you sustained that objection and I
was not able to go into that.

          [The Court]: Objection overruled.

          [Defense counsel]: So, my objection is overruled or her objection is overruled?

          [The Court]: Your present objection is overruled.

          [Defense counsel]: Okay.

          [Prosecutor]: In fact, there was a jury trial in Dallas, correct?

          [Complainant]: Yes, there was.

          [Prosecutor]: What was the verdict?

          [Complainant]: Guilty.

          [Prosecutor]: What was he sentenced to?

          [Complainant]: 55 years in prison.

          Appellant contends that the trial court erred by overruling his objection because
defense counsel’s question did not open the door to discussing the Dallas proceeding.
In support, appellant cites Hood v. State, 828 S.W.2d 87, 90 (Tex. App.—Austin
1992, no pet.), in which the Austin Court of Appeals held that the door to the
admission of a written statement was not opened by questions concerning that
statement because the trial court sustained objections to the questions and the
questions were not answered.
          Hood is distinguishable because the record in the instant case reflects a ruling
by the trial court that appellant violated the State’s motion in limine. A posed
question relating to an area of inquiry that is the subject of a motion in limine violates
the motion. See Norman v. State, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). A
trial court has discretion in deciding the appropriate remedy for violation of a motion
in limine. Wade v. State, 814 S.W.2d 763, 765 (Tex. App.—Waco 1991, no pet.). The
trial court may grant a mistrial, hold the violator in contempt, or engage in any other
appropriate remedy. Banks v. State, 955 S.W.2d 116, 119 (Tex. App.—Fort Worth
1997, no pet.). Here, the record of the bench conference shows that the trial court
apparently felt that the best remedy was to allow the results of the Dallas proceeding
into evidence. 
          In his brief, appellant does not mention the motion in limine, let alone point to
any evidence or present any argument that the trial court abused its discretion by
ruling that appellant violated that motion or in crafting a remedy. We conclude that
the trial court did not abuse its discretion in determining that the proper remedy for
the violation of the motion in limine was to admit testimony regarding the prior trial.
We overrule appellant’s fifth issue.
Testimony of Police Officer
          In his sixth issue, appellant contends that the trial court abused its discretion
in overruling appellant’s objection to testimony by a police officer regarding the
taped conversation between appellant and the complainant.
          Officer Corden of the Dallas Police Department testified for the State. During
its direct examination of Corden, the State played the taped conversation in which the
complainant confronted appellant. Afterwards, the following exchange took place:
[Prosecutor]: As far as the tape going, did it give you a lot of insight in regards
to the relationship between the defendant and the victim?
 
[Defense Counsel]: Objection, your Honor. Calls for—leading the witness, and
it calls for speculation.

          [The Court]: Objection overruled.
 
[Corden]: Based on the conversation—I guess, the best way to answer it is I
believed that there was enough probable cause that the offenses occurred and
to obtain arrest warrants for the suspect.
 
[Prosecutor]: Okay. And once you do that phone call, is there anything else you
did as part of your investigation?
 
[Corden]: At that point, no. Every case is different; but in this case the phone
call for me answered any questions I had regarding the case and, in my
opinion, corroborated what the victim had told me. So, for my purposes, I
didn’t feel like there was anything else I needed to do.

          Appellant first argues that “Corden’s testimony that he believed that the
offenses occurred constituted inadmissible opinion testimony that appellant was
guilty” and further argues that “Corden’s testimony that the recorded conversation
corroborated what [the complainant] told him constituted inadmissible opinion
testimony that [the complainant] was telling the truth.”
          Appellant did not preserve either argument for appeal. “To preserve error
regarding the admission of evidence, a defendant must lodge a timely and specific
objection. The purpose of requiring the objection is to give to the trial court or the
opposing party the opportunity to correct the error or remove the basis for the
objection.” Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). A party
must object each time inadmissible evidence is offered, unless that party has
requested a running objection or objected out of the presence of the jury to all
testimony the party deems objectionable on a given subject. Martinez v. State, 98
S.W.3d 189, 193 (Tex. Crim. App. 2003).
          In the above exchange, appellant objected to the prosecutor’s first question on
the grounds of leading the witness and calling for speculation and therefore waived
any argument that the question called for inadmissible opinion testimony. See
Schultze, 177 S.W.3d at 41 (stating that, when complaint on appeal does not comport
with objection made at trial, no error is preserved on complaint). Appellant did not
object to the prosecutor’s second question, and he did not object to either of Corden’s
answers. Appellant never lodged an objection on the ground that a question called for
or an answer provided inadmissible opinion testimony. Additionally, the record does
not reflect either a request by appellant for a running objection or an objection out of
the presence of the jury to any testimony by Corden.
          Because appellant failed to preserve his sixth issue for review, we overrule it.
Jury Charge
          In his seventh issue, appellant contends that the jury charge was fundamentally
defective in that it commented improperly on the evidence by referring to the
complainant as the “victim.” The complained-of jury instruction reads as follows:
A conviction is supportable on the uncorroborated testimony of the victim of
the sexual offense if the victim informed any person, other than the defendant,
of the alleged offense within six months after the date on which the offense is
alleged to have occurred. The requirement that the victim inform another
person of an alleged offense does not apply if the victim was younger than
fourteen years of age at the time of the alleged offense. You are instructed that
the time which lapsed between the alleged offense and the time it was reported
shall be considered by the jury only for the purpose of assessing the weight to
be given to the testimony of the victim. 
     
          Appellant concedes that he did not object to the above language, which was
added because the charge included the lesser offense of sexual assault. Sexual assault
was included because the trial court concluded that the evidence raised the possibility
that abuse occurred during the second trip to Houston, when the complainant was 14.
Standard of Review
          To determine whether the jury charge contains reversible error, we first decide
whether error exists. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App.
2003). If we conclude that it does, we analyze that error for harm. Id. When, as in this
case, the defendant did not preserve error, we apply the “egregious harm” standard
to determine whether the error requires reversal. See Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (op. on reh’g). The egregious harm standard is met
if the defendant was deprived of a fair and impartial trial. Id. In making this
determination, we examine the entire jury charge; the state of the evidence, including
the contested issues and the weight of probative evidence; the argument of counsel;
and any other relevant information revealed by the record of the trial as a whole. Id.
Code of Criminal Procedure
          The complained-of language was taken from, and very closely tracks, the
language of Article 38.07 of the Code of Criminal Procedure as it existed in 1991,
when the offense occurred:
A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code,
is supportable on the uncorroborated testimony of the victim of the sexual
offense if the victim informed any person, other than the defendant, of the
alleged offense within six months after the date on which the offense is alleged
to have occurred. The requirement that the victim inform another person of an
alleged offense does not apply if the victim was younger than 14 years of age
at the time of the alleged offense. The court shall instruct the jury that the time
which lapsed between the alleged offense and the time it was reported shall be
considered by the jury only for the purpose of assessing the weight to be given
to the testimony of the victim.

Act of June 17, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090, 2090-91; Act of June 19, 1983, 68th Leg., R.S., ch. 977, § 7, art. 38.07, 1983 Tex. Gen.
Laws 5311, 5319 (current version at Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon
2005)).

          Appellant relies on Veteto v. State, 8 S.W.3d 805 (Tex. App.—Waco 2000, pet.
ref’d), to support his contention. In Veteto, the Waco Court of Appeals held that
Article 38.07 is a comment on the weight of the evidence if it is tracked in a jury
charge instruction. Veteto, 8 S.W.3d at 816 (further discussion in Loredo v. State, 32
S.W.3d 348, 353 (Tex. App.—Waco 2000, pet. ref’d)). The Austin Court of Appeals
held likewise in an unpublished 2004 opinion. Hernandez v. State, No. 03-03-00758-CR, 2004 WL 2110396, at *5-6 (Tex. App.—Austin Sept. 23, 2004, no pet.) (mem.
op., not designated for publication). 
          However, those opinions predate Casey v. State, on which the State relies, in
which the Court of Criminal Appeals held that a trial court did not err in including the
word “victim” in a jury charge because the charge tracked the language of the
applicable Penal Code provision. Casey v. State, 215 S.W.3d 870, 886-87 (Tex. Crim.
App. 2007). In so doing, the Court included a comparison cite to Veteto, and it
described the Veteto holding as “charge containing extra-statutory language construed
as a comment on the weight of the evidence.” The Court did not expressly overrule
Veteto.
          It appears that the Court of Criminal Appeals drew a distinction between the
Penal Code provision at issue in Casey and the Code of Criminal Procedure provision
at issue here. In Casey, the Penal Code provision from which the jury charge
language was taken describes an aggravating factor that elevates a crime from sexual
assault to aggravated sexual assault if the defendant administered a date-rape drug “to
the victim of the offense with the intent of facilitating the commission of the offense.”
Tex. Penal Code Ann. § 22.021(2)(A)(vi) (Vernon Supp. 2008). The date-rape drug
language forms the second of two prongs of the statute, the first being that a sexual
assault occurred. The “victim” language in Casey did not assume the truth of a
contested issue because, in order to reach the “victim” language, the jury in Casey
had to have found that the complainant was indeed a victim of sexual assault.


 
          In the instant case, however, the language of the charge assumes the truth of
a contested issue by describing the complainant as a “victim” without the jury’s
having previously made a finding to that effect. The Court of Criminal Appeals
presumably described this language as “extra-statutory” in its parenthetical
explanation of Veteto because Article 38.07 of the Code of Criminal Procedure
governs review of the sufficiency of the evidence to support a conviction rather than
describing the elements of a crime or particular necessary jury findings.


 
          Hence, we conclude that the Casey holding does not, as the State contends,
compel a holding that there is no charge error in the instant case simply because the
charge language tracked the statutory language. Rather, we conclude that the charge
as written improperly commented on the evidence by referring to the complainant as
the “victim” and proceed to conduct a harm analysis under Almanza.
Harm 
          Because appellant did not object to the complained-of language, we may
reverse only if the error deprived appellant of a fair and impartial trial. Almanza, 686
S.W.2d at 171. An error deprives a defendant of a fair and impartial trial when it goes
to the very basis of the case, deprives the accused of a valuable right, or vitally affects
a defensive theory. Id. at 172. Appellant argues that the trial court’s error “made the
State’s case significantly more persuasive” by “communicat[ing] to the jury [the trial
court’s] opinion that appellant sexually assaulted [the complainant].” Examining the
jury charge; the evidence, including the contested issues and weight of the probative
evidence; the arguments of counsel; and all other relevant information revealed by the
record, we conclude that the egregious harm standard articulated in Almanza is not
met. 
The Charge
          The charge used the word “victim” only in the paragraph derived from Article
38.07. Elsewhere, including in the application paragraphs, the charge referred to the
complainant as a “person” or by his name. The Article 38.07 paragraph is contained
within the paragraphs providing information about the lesser included offense of
sexual assault. 
The Evidence
          The complainant’s credibility formed a substantial part of the State’s case.
However, the record also contains a taped conversation in which appellant
acknowledges that the two had a sexual relationship (although appellant insisted that
it took place entirely after the complainant reached the age of consent); notes and
pictures indicating an affectionate relationship during much of the complainant’s
teenage years; an angry letter written nearly a decade before trial in which the
complainant called appellant a pedophile; and Herb Weaver’s testimony that
appellant and the complainant stayed overnight at his house in 1991 and 1993.
 
Arguments
          As enacted in 1991, Article 38.07 required corroboration of the testimony of
a victim who was age 14 or older at the time of the offense and who did not make an
outcry within six months of the offense. The Article 38.07 language was added to the
charge in this case to guide the jury’s consideration of the lesser included offense of
sexual assault. Under the law applicable to this case, the language did not apply to the
offense of aggravated sexual assault because a finding that appellant committed
aggravated sexual assault would have required a finding that the complainant was
under the age of 14.
          In her argument, the prosecutor briefly mentioned the lesser included offense
but concentrated primarily on the greater offense. When she did mention the lesser
included offense, she did not read the “victim” language but only discussed the need
for corroborative evidence.
          Defense counsel, on the other hand, actually quoted part of the “victim”
language in the context of the greater offense, leading to an objection:
[Defense Counsel]: You hear in the charge—the prosecutor says a conviction
for sexual assault is supportable on the uncorroborated testimony of the victim
if the victim testifies or reports it to somebody within six months. We know
[the complainant] didn’t report his crime that he’s alleging that occurred here
in Houston until seven, eight years later.
 
[Prosecutor]: Your Honor, I’m going to object that that paragraph only applies
to sexual assault and not for children under the age of 14.
 
          [The Court]: Sustained.
Conclusion 
          The trial court’s sustaining of the prosecutor’s objection during jury argument,
coupled with the location of the Article 38.07 paragraph within the jury charge, made
two things clear to the jury: that the Article 38.07 paragraph applied to sexual assault,
and that the Article 38.07 paragraph did not apply to aggravated sexual assault. Given
that the jury convicted appellant of the greater offense, we conclude that it is unlikely
that the jury reached the language of the complained-of paragraph that concerned
sexual assault. Moreover, there was circumstantial evidence to corroborate the
complainant’s testimony.
          Although the credibility of the complainant was an important part of the State’s
case, we conclude that any bolstering effect of the “victim” language was likely
minimal and, therefore, that the “egregious harm” standard has not been met. We
overrule appellant’s seventh issue.
Cumulative Effect
          In his eighth issue, appellant contends that “the cumulative effect of the errors
committed requires a new trial.” Because we have overruled all of appellant’s other
issues, we need not address this issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             
 
                                                             George C. Hanks
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
Do not publish. See Tex. R. App. P. 47.2(b).